[No. 7963.    Department Two.    June 25, 1909.]

MARY A. SEYMOUR, *Respondent,* v. ALICE D. DUFUR *et al.,* *Appellants.*[1]

EJECTMENT—RECORD TITLE—PRESUMPTIONS.  The plaintiff in ejectment cannot recover on the strength of a deed from a common grantor, whose prior deed of the same property to one P. was already on record when plaintiff's deed was made, P. having subsequently conveyed the record title to the defendants; and it is not incumbent on the defendants to explain their record title, or allowable for the court to indulge in presumptions to overthrow it.

SAME—TITLE.  The plaintiff in ejectment must recover, if at all, on the strength of his own title.

ADVERSE POSSESSION—PAYMENT OF TAXES—SUCCESSIVE PAYMENTS.  Under Bal. Code, § 5504, providing for the acquisition of title to vacant and unoccupied land by the payment, under color of title, of all taxes for seven successive years, the taxes must be paid continuously each successive year.

Appeal from a judgment of the superior court for Cowlitz county, McCredie, J., entered November 2, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of ejectment. Reversed.

[1]Reported in 102 Pac. 756.

*John F. Dufur* and *E. B. Dufur,* for appellants.

*Willett & Willett* and *Imus & Stone,* for respondent.

DUNBAR, J.—This is an action in ejectment to recover lots 1 to 10, both inclusive, lots 11 and 12, and lots 25 and 26, all in block 91, Parker's Addition to the town of Kalama. The complaint charges that the plaintiff was the owner and lawfully possessed of said property, and that the defendants unlawfully entered into the possession of said premises and ousted the plaintiff, and unlawfully withhold the possession thereof from the plaintiff. The answer denies the right of possession in the plaintiff, and alleges title and possession in the defendants. It also disclaims title to lots 1 to 10 inclusive. The reply denied the affirmative allegations of the answer. Upon these issues the case went to trial before the court. There seems to be no merit in the motion to dismiss.

The facts in this case are few and simple. It is stipulated that John A. Parker, from whom both parties are claiming title, had perfect title in fee simple to all the lots in question at the time of filing the plat. The respondent relied upon the warranty deed from Parker to her, which deed was dated May 25, 1893, acknowledged February 2, 1895, and filed for record February 4, 1895, by John A. Parker, the grantor. To deny her title, appellants offered in evidence a warranty deed from John A. Parker to Frank B. Peterman of said lots 11 and 12. This deed is dated November 21, 1889, acknowledged the same day, and recorded by Peterman November 22, 1889. Appellants also introduced a deed from Frank B. Peterman to Alice D. Dufur, one of the appellants. This deed is dated November 12, 1907, acknowledged the same day, and recorded November 16, 1907. The statement and judgment of the court at the conclusion of the trial is as follows:

"In this case it appears to the court as against defendants, plaintiff is the owner of lots 11, 12, 25 and 26 in block 91, Parker's Addition to Kalama; that defendants are in posses-

sion of said lots, and that plaintiff is entitled to judgment ejecting them therefrom. Lots 25 and 26 may have been added to the original plat either before or after it was filed, but there is not sufficient evidence to establish the fact that it was done after the plat was filed for record. Before the court could accept it the evidence should be clear and convincing. There is on record a deed from Parker to one Peterman, for lots 11 and 12. Subsequently Parker deeds said lots to plaintiff herein. After this case was commenced, a deed appears of record from Peterman to defendant Dufur. The history of this deed to Peterman is unknown to this court. It may have been recorded by mistake and was never delivered. Peterman may have redeeded the property to Parker and the deed wasn't recorded, or the deed may have been a mortgage. The second deed to plaintiff was so shortly after the deed to Peterman, it may not be an unfair presumption that Peterman's title had been re-invested in Parker or Parker wouldn't have re-sold. If he had, Peterman undoubtedly would have instituted an action to quiet his title instead of acquiescing in the deal. The evidence relative to the deed from Peterman since the beginning of this action is too unsatisfactory to be accepted. The transaction is so recent that it should be not only very clear in the mind of the witness establishing it, but his testimony should be convincing. Ordinary precaution would have held Peterman or his deposition taken or good reason shown. His identity was very important in this case. It appears that only a few feet of defendants' house is on lots 25 and 26, and it wouldn't be much trouble for defendants to move their house over. If his house remains in part of Juniper street there will be no injury to plaintiff herein, as it is not an open street, and would be of little value if it was. Until it becomes a nuisance to plaintiff, she should not complain. Judgment will be given plaintiff ejecting defendants from said lots. Said judgment and findings will be signed on the date of Nov. 2, 1908. This will give defendants time to purchase the lots from plaintiff or move his house."

So far as the question of title between Parker's grantee, Peterman, and his subsequent grantee, Mrs. Sheridan (who subsequently became Mrs. Seymour, the respondent in this case), is concerned, it is a question entirely of record, and we

think that the suppositions indulged in by the court were unwarranted, and that the conclusion reached was wrong. Here is a deed, fair upon its face, executed with all the forms of law, properly recorded in a record which is notice to all the world of the title of the real estate in that county. There is no evidence whatever to support the supposition of the learned court, and it would work an injustice to innocent purchasers for courts to hold that such a record did not express or show the true condition of the title by reason of the suppositions mentioned by the judge. It is not necessary that the history of the deed to Peterman should be known to the court, excepting as it appears through the record. That is what a record is for, to remove the necessity for oral testimony in relation to the transfer of real estate. It is true it might have been recorded by mistake and never delivered, but that possibility might exist in any transaction, and it is too remote a possibility to base a judgment upon. Nor is it any more reasonable to conclude that Peterman may have redeeded the property to Parker, and that Parker was so negligent that he did not place it of record before he deeded to a subsequent grantor. The burden which the court placed upon the grantees under this deed, it seems to us, the law places upon the grantors, and the grantee has a right to rest upon the record title until transactions are shown outside of the record which destroy such title. If Parker had never deeded these lots to Peterman, or if they had been redeeded as the court seems to think they might have been, it was within the power of the respondent to have shown that condition of facts. In fact, she did give notice that she would have the deposition of Parker taken at a certain time and place, and never did have it taken. While it is true that the circumstances surrounding the execution and delivery of the quitclaim deed from Peterman to Alice D. Dufur are somewhat obscure, yet the deed was of record and was not shown to be fraudulent. In addition, this is an action in ejectment,

and the respondent must recover, if at all, upon the strength of her own title and not upon the weakness of her adversary's.

It is, however, claimed by the respondent that she is entitled to this land by reason of having paid the taxes on the same for seven years. Bal. Code, § 5504 (P. C. § 1161), provides that:

"Every person having color of title made in good faith to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the lawful owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title."

It is conceded in this case that these taxes were not paid by the respondent every successive year during the seven years. But it was shown that they had been paid before the commencement of the action, by the introduction of ten different delinquent tax certificates, all the receipts showing that these certificates of delinquency had been taken out by different parties other than the respondent. The respondent contends that it is sufficient if the taxes for seven successive years have been paid, while it is the contention of the appellants that these taxes must be paid each successive year. This is the construction which was placed upon this statute by this court in *Tremmel v. Mess*, 46 Wash. 137, 89 Pac. 487, and we think that this is the reasonable construction. The construction of § 5503 (P. C. § 1160), would be different from that of § 5504, because in the former section the person paying the taxes must be in open and notorious possession of the lands or tenements under claim and color of title, while § 5504 provides for a case where there is no possession, and the payment of taxes annually would be, to a certain extent, notice to the owner of a claim against the land.

The claim of the appellants in this case to lots 25 and 26 is based upon the contention that the record had been tampered with, and that no such lots existed, such lots, it is alleged, being a part of Juniper street, and title is alleged in appel-

lant Alice D. Dufur, because they are a part of Juniper street and she owns property on either side, and therefore owns the street subject to easement. The subject of change of this plat was gone into at some length in the trial of the cause and, without reviewing the testimony, we think the court was amply justified in concluding that the record spoke the truth upon its face, and that there was no substantial testimony offered showing a change of the plat.

But for the error of the court in decreeing the title to lots 11 and 12 to be in the respondent, the judgment will be reversed, and the cause remanded with instructions to enter a decree in favor of the respondent for lots 25 and 26, with permission to the appellants to remove any improvement that they have on said lots within thirty days from the entry of the decree. The appellants will recover their costs in this court.

RUDKIN, C. J., CROW, PARKER, and MOUNT, JJ., concur.