[No. 28842. Department Two. November 25, 1942.]

GRACE KOSTEN, *Appellant,* v. INGLIS FLEMING *et al.,*
*Respondents.*[1]

*Riddell & Riddell,* for appellant.

*Kennett & Benton,* for respondents.

[1]Reported in 131 P. (2d) 170.

BLAKE, J.—Plaintiff commenced this action under the unlawful detainer statutes to recover possession of a house and lot in Seattle. The defendants interposed affirmative defenses challenging plaintiff's title and right to possession. The court, upon findings favorable to defendants, entered judgment dismissing the action. Plaintiff appeals.

James Kausky conveyed the property to appellant by warranty deed dated October 24, 1929, subject to a mortgage to the Washington Mutual Savings Bank. The deed was without substantial monetary consideration. Appellant, claiming a gift of the property, filed the deed for record on the same day. Shortly thereafter, she left for the Orient, where she remained for some ten years.

In 1933, a real estate agent, authorized by Kausky, rented the property to respondents. They have been in possession ever since. Until March 1, 1941, respondents were in possession under a month to month tenancy. On that date, Kausky, under the guise of ownership, entered into a written lease with respondents for a term of five years. The lease contained an option for an additional five years and "an option to the lessee in the event of the death of the lessor to purchase the premises. . . ."

Of respondents' position, their counsel, during the course of the trial, said:

" . . . counsel for the plaintiff has tried his whole case upon the theory that there is only a month-to-month rental here, having its inception in 1933. That is his case. My case is that we are defending under a valid lease as of March 1, 1941, and I have pled in my answer that all told these defendants expended in the neighborhood of $500.00 in the betterment and upkeep of this house."

The trial developed into what may be said to be a collateral attack on the record title of appellant. We

shall not undertake to review the evidence in detail, for we regard most of it as incompetent in this action. Indeed, much of it would have been of doubtful competency in an action by Kausky to set aside the deed. The purport of it was that Kausky had never parted with the beneficial ownership of the property. His testimony was to the effect that, at Mrs. Kosten's suggestion, he conveyed the property to her to defeat any claim his former wife might make against it because of delinquent installments of alimony for which he was liable. It is questionable whether such evidence would avail Kausky anything in a direct action to set aside the deed. For on such a theory, the conveyance would probably be deemed in fraud of creditors, and he would be left by the court in the position he placed himself. *Snipes v. Kelleher,* 31 Wash. 386, 72 Pac. 67. (In saying this, however, it is not to be understood that we are foreclosing any right Kausky may have to maintain an action to set aside the deed.)

But we think it is entirely clear that the evidence is incompetent in this collateral attack upon appellant's record title. *Pacific Mut. Life Ins. Co. v. Munson,* 115 Wash. 119, 196 Pac. 633. For, upon conveying the property to appellant, Kausky, in effect, became a stranger to the title. Respondents, therefore, dealt with him as owner at their own risk. *Seymour v. Dufur,* 53 Wash. 646, 102 Pac. 756. A record title would be of small worth if a stranger to, or a onetime holder of, the record title could defeat it by deed or encumber it by lease or mortgage. What was said by Judge Dunbar in *Seymour v. Dufur, supra,* p. 649, may be said with equal force here:

"Here is a deed, fair upon its face, executed with all the forms of law, properly recorded in a record which is notice to all the world of the title of the real estate in that county. There is no evidence whatever to support the supposition of the learned court, and it would

work an injustice to innocent purchasers for courts to hold that such a record did not express or show the true condition of the title by reason of the suppositions mentioned by the judge. It is not necessary that the history of the deed to Peterman [Kosten] should be known to the court, excepting as it appears through the record. That is what a record is for, to remove the necessity for oral testimony in relation to the transfer of real estate."

Of course, the holder of a record title may be bound by acts of a duly authorized agent. But, conceding, as contended by respondents, that Kausky was Mrs. Kosten's rental agent, he had no implied authority to enter into a lease for a term of years or grant an option to respondents to purchase. (It is not claimed that he had express authority.)

It is a general rule that the authority of an agent to execute instruments under seal must rest upon an instrument under seal or, at least, upon an instrument in writing. Restatement of the Law of Agency, p. 76, § 27; Walker, Real Estate Agency (2d ed.), p. 322, § 364.

In any case, however, the powers of a real estate agent are limited, and one dealing with him is chargeable with notice of the limitation of his power. 8 Am. Jur. 1016-1018, §§ 59-61; *Armstrong v. Oakley,* 23 Wash. 122, 62 Pac. 499; *Hardinger v. Columbia,* 50 Wash. 405, 97 Pac. 445; *Hutchins v. Wertheimer,* 51 Wash. 539, 99 Pac. 577; *Pacific Mut. Life Ins. Co. v. Munson,* 115 Wash. 119, 196 Pac. 633. In the last cited case, the court held, in an unlawful detainer action, that evidence tending to show that defendant held possession under a contract of sale made by a sales agent was inadmissible; and that an agent with authority to find a purchaser has no power to make a contract of sale binding upon his principal.

It is perfectly clear that respondents acquired no

rights in the property by virtue of the so-called lease and option, either upon the theory that Kausky was owner of the property or agent for the owner.

Respondents seek to invoke the doctrine of estoppel. Conceding that, under some circumstances, the holder of the record title may be estopped from asserting all the incidents of ownership, we find none in this case to warrant application of the doctrine. Whatever may have been the circumstances or motives of the conveyance by Kausky to appellant, the latter has never by word or act led anyone to believe that she did not claim to be the real, as well as the record, owner of the property. When, in 1934, Kausky suggested that she reconvey the property to him, she not only ignored his request, but also immediately asserted her rights as owner to Washington Mutual Savings Bank, which bank, as mortgagee, had actual management of the property, collecting rentals from respondents and applying them to the mortgage debt. True, she did not advise respondents of her rights. But she did not need to. She was at all times the record owner, and they were bound to take notice of her rights as such. *Seymour v. Dufur, supra.* Yet, they ignored the record. They took the lease and option from Kausky on the assumption that he was *owner*—not that he was agent for appellant. If there is any ground for applying the doctrine of estoppel in this case, it is against respondents in their attempt to deny the rights attendant upon appellant's record title—not against her assertion of them.

Whatever repairs of a substantial character respondents had made upon the property were made long before this so-called lease and option was entered into. We find nothing in connection with the making of such repairs that could be held to estop appellant from asserting her right to possession of the property.

528

The judgment is reversed and the cause remanded, with directions to enter judgment in favor of appellant for restitution of the property and damages, as provided by statute.

ROBINSON, C. J., BEALS, SIMPSON, and DRIVER, JJ., concur.