[No. 28842.   Department Two.   November 20, 1944.]

GRACE KOSTEN, *Appellant,* v. INGLIS FLEMING
*et al., Respondents.*[1]

*Riddell & Riddell,* for appellant.

*Kennett & Benton* and *Fred C. Campbell,* for respondents.

MALLERY, J.—This case first came before us in *Kosten v. Fleming,* 15 Wn. (2d) 523, 131 P. (2d) 170.  Grace Kosten brought the action under the unlawful detainer statutes for the recovery of the possession of a house and lot in Seattle.  The defendants Fleming interposed affirmative defenses challenging her title and right to possession.  The trial court found for the defendants.  This court reversed the trial court and directed the entry of judgment for the appellant, Kosten, for the restitution of the property and double damages, as provided by the unlawful detainer statutes.

[1]Reported in 153 P. (2d) 309.

In her complaint, the appellant had alleged the reasonable rental value of the premises as thirty-five dollars per month and prayed for double that amount. The respondents denied that the reasonable rental value of the premises was thirty-five dollars per month. On this issue a realtor testified that the reasonable rental value of the property at the time in question was $32.50 to thirty-five dollars per month. He was cross-examined. No affirmative matter was ever offered in rebuttal. No other witness testified on this issue.

The case came before us a second time in *Kosten v. Fleming,* 17 Wn. (2d) 500, 136 P. (2d) 449, when it was presented on respondents' motion to recall the remittitur for the purpose of striking the provisions in the judgment relating to damages and costs against C. Gordon Fleming, and to state under what statute the court was to assess damages and to permit the trial court to hear such further evidence as might be necessary to enable it to find the reasonable rental value and to fix the double damages. This court denied respondents' motion to recall the remittitur, and a judgment providing for $32.50 per month rental, doubled as provided by statute, thereupon became the law of the case.

■ The case now comes before us on appellant's motion to recall the remittitur on a showing that the trial court is about to vacate the judgment heretofore entered, which fixed the reasonable rental at $32.50 per month, and is about to enter one fixing it at $22.50 per month. There was no evidence in the case upon which this rental could be based. The trial court is bound by the testimony in the case. See *Inland Empire Land Co. v. Grant County,* 138 Wash. 439, 245 Pac. 14; *Thompson v. Huston,* 17 Wn. (2d) 457, 135 P. (2d) 834. Furthermore, in the instant case, the trial court may not reopen to take further testimony, because we have previously passed upon that question upon the former motion to recall the remittitur in which that purpose appeared among others. Its denial on that occasion (the second time it was before us) closed the question.

■ The respondent, in opposition to the motion to recall the remittitur, urges upon this court the proposition that any judgment entered by the trial court should make an offset of fifteen dollars per month, asserted as having been paid during the pendency of the action, and that only the balance should be doubled. This matter was not before the trial court on the trial, nor before this court on appeal. It is not before us now. Respondents must seek their remedy in a supplemental action. See *Gudmundson v. Commercial Bank & Trust Co.*, 160 Wash. 489, 295 Pac. 167.

■ Respondents urge that appellants have not shown due diligence in moving to recall the remittitur. The elapse of time alone is not conclusive on this question. It was only very recently that it appeared that the trial court was about to enter a judgment not in accord with our mandate.

The motion to recall the remittitur is granted and the instant remittitur will direct the trial court to enter an amended judgment for double the amount of the rental of $32.50 per month for the period involved, together with costs and without the allowance of any offset.

SIMPSON, C. J., BLAKE, and ROBINSON, JJ., concur.

BEALS, J. (dissenting)—In my opinion the motion to recall the remittitur should be denied. I therefore dissent from the foregoing opinion.