[No. 29654. Department Two. December 26, 1945.]

GRACE KOSTEN, *Respondent*, v. INGLIS FLEMING *et al.*, *Appellants.*[1]

[1]Reported in 164 P. (2d) 655.

*Fred C. Campbell,* for appellants.

*Riddell & Riddell,* for respondent.

JEFFERS, J.—This is the fourth time this cause has been before this court, once on appeal from the judgment entered by the trial court in the original hearing, and twice on applications for the recall of remittitur.

The original action was instituted by Grace Kosten in 1942, under the unlawful detainer statutes, to recover possession of a house and lot in Seattle from Inglis Fleming, Mary Fleming, his wife, and C. Gordon Fleming, their son. Plaintiff claimed title to the property in question by virtue of a warranty deed from one James Kausky, dated October 24, 1929, and recorded the same day. The Flemings' right to possession was based upon a written lease, made and executed by the above-named Kausky, as lessor, on March 1, 1941, Kausky claiming to be the owner of the property.

The lower court dismissed the action after a trial on the merits, and Grace Kosten appealed to this court from the judgment entered. In reversing the judgment of the trial court, we stated (*Kosten v. Fleming,* 15 Wn. (2d) 523, 131 P. (2d) 170):

"It is perfectly clear that respondents [Flemings] acquired no rights in the property by virtue of the so-called lease and option, either upon the theory that Kausky was owner of the property or agent for the owner."

The opinion concludes with the following paragraph:

"The judgment is reversed and the cause remanded, with directions to enter judgment in favor of appellant for restitution of the property and damages, as provided by statute."

After the remittitur in the above cause went down, and on January 25, 1943, appellant, Grace Kosten, presented to the trial court proposed findings of fact, conclusions of law, and judgment, conforming, as she claimed, to the judgment of this court as set out in the remittitur.

Proposed finding of fact No. 3 set out the "notice to terminate tenancy," and in this notice it was stated that the tenancy was terminated on December 31, 1941.

Proposed finding of fact No. 5 stated that the Flemings and each of them *have continued in possession of the premises and are now in possession of the same* and refuse to deliver the possession thereof to the plaintiff.

Proposed finding of fact No. 6 stated that the rental value of the premises was $32.50 per month.

Proposed conclusion of law No. 2 stated that the defendants and each of them (Flemings) have been and are now guilty of unlawful detainer of the premises; that plaintiff (Kosten) ought to recover from defendants damages in the sum of $780 for the forcible detainer for the calendar year 1942 ($32.50 doubled for twelve months), together with damages at the rate of sixty-five dollars per month for such period of time as the defendants shall continue to remain in possession thereof.

While the trial of the above cause was completed on March 13, 1942, and no supplemental pleading had been filed by Grace Kosten and no proof offered since the original hearing as to the length of time the Flemings had remained in possession of the premises since the trial, this question as to time was not raised by either party, that is, the question of whether or not the Flemings were still in possession of the premises on January 25, 1943, at the time the above findings, conclusions, and judgment were proposed.

However, the Flemings did object to the signing of any findings, conclusions, or judgment which found C. Gordon Fleming guilty of unlawful detainer, or provided for any judgment against him for damages. They also objected to any judgment which provided for damages at the rate of sixty-five dollars per month.

The trial court having indicated that it felt compelled to enter judgment against C. Gordon Fleming unless the remittitur was recalled and modified or corrected, the Flemings, on January 29, 1943, filed in this court a motion to recall the remittitur issued by this court on January 15, 1943, and to correct the judgment of this court contained in such

remittitur, in so far as it directed the recovery of damages and costs against C. Gordon Fleming, and for an order correcting the judgment so as to clarify the same by stating under what statute the trial court was to assess damages, that is, the state statute or the appropriate section of the Federal emergency price control act.

That by the above motion no question was raised that the proposed findings, conclusions, and judgment were not in accord with the remittitur of this court, other than as above indicated, and certainly not as to the time for which the proposed judgment allowed damages, is apparent from the affidavit in support of the motion, which states:

"That affiant (then counsel for the Flemings), shortly after June 1, 1942, advised the respondents (Flemings) that the maximum legal rent for the premises occupied by them was $15 a month and that under the provisions of the Emergency Price Control Act they would not be liable to any penalties or damages for remaining in possession of the property during the pendency of the appeal, even though the appeal were ultimately decided adversely to them. That at all times subsequent to receiving said advice the respondents have remained in possession of the premises in reliance upon the provisions of the Emergency Price Control Act, believing that they were entitled to hold said premises and that in no event could any penalties or damages be assessed against them for so doing."

The above affidavit was sworn to by Mr. Kennett on January 28, 1943, and filed in this court on January 29, 1943. We do not refer to this affidavit for the purpose of showing an admission by counsel for the Flemings that they were still in possession of the property on January 28, 1943, so far as this appeal is concerned, although that is what Mr. Kennett stated in the affidavit, but only for the purpose of showing that, on that date, counsel for the Flemings were making no contention that the judgment should provide for damages only up to the date the original trial on the merits was concluded, March 13, 1942.

On April 10, 1943, this court denied the motion of the Flemings to recall the remittitur, and in the opinion (*Kosten v. Fleming*, 17 Wn. (2d) 500, 136 P. (2d) 449) stated that

the record showed ample justification for holding that C. Gordon Fleming, as well as his parents, was guilty of unlawful detainer and should be held in damages. We also stated:

"We are also of the opinion that the judgment of this court [as contained in the remittitur on January 15, 1943] conformed to the opinion as filed in the case [15 Wn. (2d) 523], and that the judgment was intended to, and did, hold C. Gordon Fleming, as well as the other respondents, liable for damages and costs."

Upon the filing of the opinion in the proceeding last above referred to, counsel for Grace Kosten again prepared proposed findings, conclusions, and judgment, a copy of which was received on April 13, 1943, by Mr. Campbell, who was then representing the Flemings. On April 17, 1943, the court signed the proposed findings, conclusions, and judgment.

Finding No. 2, as signed by the court and filed herein, provides:

"Heretofore the above named defendants, Inglis Fleming and Mary Fleming, his wife, and C. Gordon Fleming *have been and still are in possession of the above described real estate* as tenants of the plaintiff under an oral lease for an indefinite time." (Italics ours.)

Finding No. 3 sets out the notice given to the Flemings under which the tenancy was terminated on December 31, 1941.

Finding No. 5 states:

"The defendants above named, and each of them, *have continued in possession of said premises and are now in possession of the same* (April 17, 1943) and refuse to deliver the possession thereof to the plaintiff." (Italics ours.)

Finding No. 6:

"The reasonable rental value of the said premises is the sum of Thirty-two and 50/100 ($32.50) Dollars per month."

Conclusion of law No. 1 states:

"That as a matter of law the plaintiff was entitled to the possession of the premises mentioned and described in the foregoing findings of fact at the time she caused the notice

to terminate tenancy to be served upon said defendants (notice served on C. Gordon Fleming Oct. 29, 1941, and on Mary Fleming and Inglis Fleming Oct. 31, 1941) and at the time she commenced this action."

Conclusion of law No. 2 provides:

"That as a matter of law the defendants, and each of them, have been and now are guilty of the unlawful detainer of the said premises; that the plaintiff ought to be put in the possession thereof and that the plaintiff ought to have and recover of and from the defendants Nine Hundred Ten and No/100 ($910.00) Dollars as damages for the forcible detainer thereof *for the calendar year 1942* and for the *months of January to March, 1943, inclusive,* together with damages at the rate of Sixty-five and No/100 ($65.00) Dollars per month for such period of time as the defendants shall continue to remain in possession thereof subsequent to March 31, 1943. . . ."  (Italics ours.)

The judgment, signed and filed April 17, 1943, provides in part:

"The plaintiff appearing in person and being represented by her attorneys, Messrs. Riddell & Riddell, the defendants all appearing in person and being represented by their attorneys, Messrs. Kennett & Benton, and all parties having introduced testimony and rested and the cause having been submitted to the court for decision upon the merits and the court having ordered the dismissal of the above entitled action with prejudice and said judgment having been entered and the plaintiff having appealed to the supreme court of the state of Washington from said judgment of dismissal and the said supreme court having reversed the said judgment and the remittitur of said supreme court having been filed herein and the court having this day made and entered his findings of fact and conclusions of law *in accordance with the mandate of the said supreme court* and it appearing to the court that this court has jurisdiction of the subject matter of this action and of all parties hereto,

"Now, THEREFORE, upon motion of Charles F. Riddell, attorney for the plaintiff,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the findings of fact, conclusions of law and judgment of this court heretofore signed, made and entered herein on the 9th day of April, 1942, be and each of them hereby is set aside, cancelled and held for naught.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff is the owner in fee simple and on and after the 31st day of December, 1941, and ever since has been and now is entitled to the possession of the following described real estate . . .

[Description]

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ever since the said *31st day of December, 1941,* the above named defendants, Inglis Fleming, Mary Fleming, his wife, and C. Gordon Fleming, have forcibly detained the possession of the said premises from the plaintiff.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said defendants, and each of them, immediately vacate the said premises and surrender the possession thereof to the plaintiff, Grace Kosten. . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover from the defendants, Inglis Fleming, Mary Fleming, his wife, and C. Gordon Fleming, and from each of them, Nine Hundred Ten and No/100 ($910.00) Dollars as damages for the detention of said premises (for calendar year 1942 and the months of January to March, 1943, inclusive), together with the additional sum at the rate of Sixty-five and No/100 ($65.00) Dollars per month for such period as they withhold the possession of the said premises from the plaintiff after the 31st day of March, 1943." (Italics ours.)

The above judgment has never been appealed from. However, on April 29, 1943, the Flemings filed in the above-entitled cause a petition to vacate judgment and modify and amend the findings of fact and conclusions of law. The petition consists of several pages wherein the petitioners state their reasons why the judgment should be vacated and the findings and conclusions modified. One of the reasons stated is that the findings, conclusions, and judgment were signed in the forenoon of April 17, 1943, upon application of counsel for Grace Kosten and without notice to and in the absence of the defendants' counsel.

It is also stated that the findings, conclusions, and judgment did not conform to the oral opinion of the court announced on January 25, 1943, at the time counsel for plaintiff offered his proposed findings, conclusions, and judgment. It is further stated that, because of the lapse of

time, the trial judge did not recall what had transpired on January 25, 1943, and did not recall that the hearing on the findings, conclusions, and judgment had been continued until Mr. Kennett could be present.

It is further stated that the judge, through inadvertence, found the reasonable rental value of the premises to be $32.50 per month, whereas the judge had theretofore stated that he would find the reasonable rental value to be twenty-five dollars per month; that through inadvertence the findings as signed made no provision for crediting on the sum found to be due plaintiff the amounts paid by the defendants as rent pending the trial in the superior court and pending the appeal in the supreme court, although the judge stated that he would allow a credit for such sums; that under the oral decision of the court as announced on January 25, 1943, with reference to damages, the total damage to which plaintiff would be entitled would be the sum of $260 until January 31, 1943, and the sum of fifty dollars per month thereafter, so long as the defendants continued to withhold possession of the premises; that C. Gordon Fleming vacated and gave up possession of the premises April 11, 1942; and that Inglis Fleming and Mary Fleming vacated and gave up possession of the premises on or about March 2, 1943.

On May 11, 1943, the Flemings also filed in the above-entitled cause in the superior court a *motion* to vacate the judgment entered on April 17, 1943, and to modify findings and conclusions and to reopen the cause for the purpose of taking further testimony. It is stated that the findings and conclusions upon which the judgment entered April 17th was based should be modified to conform to the findings and conclusions as orally announced by the court on January 25, 1943. It is also stated that the Flemings should be permitted to reopen their case to show the amount of money paid by them as rent during the pendency of the action in the superior court and in the supreme court and until January 31, 1943, and also to present evidence showing the time when the defendants and each of them vacated the premises.

In the affidavit of Mr. Kennett supporting the motion, it is stated that defendants paid rent on the premises at the rate

of fifteen dollars per month until February 1, 1943. It is also stated that defendants will, if permitted, introduce evidence that C. Gordon Fleming vacated the premises on April 11, 1942, and Inglis and Mary Fleming on March 2, 1943.

It does not appear that, at the time the findings, conclusions, and judgment were signed and filed on April 17, 1943, or at the time the above petition or motion was filed, the Flemings contended that the judgment should have provided only for damages for unlawful detainer up to and including March 13, 1942, the date the original trial was concluded. While we are not at all certain as to just what may have transpired on January 25, 1943, or what the trial court may have stated, we are not convinced from this record that counsel for Grace Kosten in any manner took advantage of the court or of counsel for the Flemings in presenting to the court the findings of fact, conclusions of law, and judgment which were signed by the court on April 17, 1943, nor do we think the record shows that the findings, conclusions, and judgment were signed without due consideration thereof by the court. However, the trial court, apparently after a consideration of the above petition and motion, and after some considerable colloquy between the court and counsel, indicated it would vacate the judgment entered on April 17, 1943, and would fix the reasonable rental of the property at $22.50 per month, instead of $32.50, as provided in the judgment, and would allow an offset. If the trial court indicated it would make any other change in the judgment entered, such intended change was apparently not presented in the next proceeding before this court, to which we shall now refer.

In view of the situation presented, when the trial court stated it would vacate the judgment for the purpose stated, Grace Kosten again appeared before this court on September 30, 1944, by motion to recall remittitur and prohibit further proceedings, and by an amended motion to the same effect filed October 9, 1944. We quote from the amended motion:

"1. For an order to recall the remittitur containing the judgment of this court heretofore issued on January 15, 1943;

"2. For an order prohibiting the superior court of the state of Washington for.King county or the Honorable Calvin S. Hall, from further proceeding in the above entitled action in said superior court until the further order of this court.

"3. For an order instructing the trial court to take no additional testimony in fixing 'damages, as provided by statute.'

"4. Instructing the trial court to allow no offset against the 'damages, as provided by statute' to be allowed appellant.

"5. Instructing the trial court to fix the reasonable rental value of the premises in question at $32.50 per month."

The opinion of this court on the above motion of Grace Kosten will be found in *Kosten v. Fleming*, 21 Wn. (2d) 825, 153 P. (2d) 309, and states in part as follows:

"The case now comes before us on appellant's motion to recall the remittitur on a showing that the trial court is about to vacate the judgment heretofore entered [judgment April 17, 1943], which fixed the reasonable rental at $32.50 per month, and is about to enter one fixing it at $22.50 per month. There was no evidence in the case upon which this rental [$22.50 per month] could be based. The trial court is bound by the testimony in the case [citing cases]. Furthermore, in the instant case, the trial court may not re-open to take further testimony, because we have previously passed upon that question upon the former motion to recall the remittitur in which that purpose appeared among others. Its denial on that occasion (the second time it was before us) closed the question.

"The respondent [Flemings], in opposition to the motion to recall the remittitur, urges upon this court the proposition that any judgment entered by the trial court should make an offset of fifteen dollars per month, asserted as having been paid during the pendency of the action, and that only the balance should be doubled. *This matter was not before the trial court on the trial, nor before this court on appeal.* It is not before us now. [The opinion, of course, was referring to the original hearing on the merits.] Respondents must seek their remedy in a supplemental action. See

*Gudmundson v. Commercial Bank & Trust Co.,* 160 Wash. 489, 295 Pac. 167.

"Respondents urge that appellants [Kosten] have not shown due diligence in moving to recall the remittitur. The elapse of time alone is not conclusive on this question. *It was only very recently that it appeared that the trial court was about to enter a judgment not in accord with our mandate.*

"The motion to recall the remittitur is granted and the instant remittitur will direct the trial court to enter *an amended judgment* for double the amount of the rental of *$32.50 per month for the period involved,* together with costs and *without the allowance of any offset."* (Italics ours.)

The opinion in the proceeding last above mentioned was filed November 20, 1944. The remittitur containing the judgment of this court went down on January 2, 1945, and the only change or modification of the remittitur of January 15, 1943, contained in the remittitur of January 2, 1945, after the judgment of the trial court had been reversed, is that in this last remittitur this court specifically directed the trial court to enter an amended judgment *for double the amount of the rental of $32.50 per month for the period involved,* and without the allowance of any offset.

After this last remittitur went down, and on January 27, 1945, the trial court made and entered the following order relative to the petition and motion to vacate judgment and modify findings and conclusion, which petition and motion were filed in the superior court, respectively, on April 29, 1943, and May 11, 1943, by the Flemings. The order recites:

"The above cause having come on duly and regularly before the undersigned judge upon the oral motion of the plaintiff for the entry of this order and the parties hereto not appearing but being represented by their respective attorneys, and it appearing to the court that the plaintiff petitioned the supreme court of the state of Washington for the recall of the remittitur in this cause, and that said court *has definitely instructed this court* on the substance of the final decree herein, Now, THEREFORE,

"IT IS HEREBY ORDERED that the petition and motion of the defendants to set aside the decree made and entered by this court on the 17th day of April, 1943, be and each of them hereby is dismissed." (Italics ours.)

. On February 16, 1945, the Flemings filed another motion to modify the findings of fact and conclusions of law entered on April 17, 1943. The motion states:

"Come now the defendants and move the court that it modify its findings, conclusions and judgment entered herein April 17, 1943, to conform to the opinion of the supreme court of the state of Washington filed November 20, 1944, and the remittitur filed herein pursuant thereto.

"The basis of this motion is that it is defendants' contention that 'the period involved' mentioned in said opinion and remittitur is the period from December 31, 1941, to and including the last day of trial to-wit, March 13, 1942.

"This motion is based upon all the records and files herein."

This is the first time, so far as we can ascertain from the record, that the Flemings contended that plaintiff was entitled to damages as for the period from December 31, 1941, to and including the last day of the trial, to wit, March 13, 1942. In so far as we can determine from this record, Judge Hall never specifically passed on this matter, other than it may be assumed he denied the motion in that he refused to sign findings, conclusions, and judgment presented by defendants in accord with this motion.

February 19, 1945, the trial court made and entered the following amended judgment:

"The above cause having come on duly and regularly for hearing before the undersigned judge upon the application of all parties hereto, for the entry of final judgment upon the recall of the remittitur in the above cause by the supreme court of the state of Washington, and it appearing to the court from the records and files herein and particularly from the petition to vacate judgment and modify and amend the findings of fact and conclusions of law heretofore filed herein on the 29th day of April, 1943, that the defendants have remained in unlawful detainer of the premises in question until the 2nd of March, 1943, Now, THEREFORE,

"IT IS HEREBY ORDERED, ADJUDGED and DECREED that the plaintiff have and recover of and from the defendants Inglis Fleming and Mary Fleming his wife, and C. Gordon Fleming, Eight Hundred and Forty-five ($845) Dollars, being damages at the rate of $65.00 per month to the 28th day of

February, 1943, together with plaintiff's costs and disbursements herein to be taxed.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that, except as hereinabove modified, the findings of fact, conclusions of law and judgment heretofore entered in the above entitled cause on the 17th day of April, 1943, be and each of them hereby is RATIFIED, CONFIRMED, APPROVED and ADOPTED by this court as the final judgment in the above entitled cause."

The Flemings have appealed from the order entered on January 27, 1945, dismissing the petition and motion, and from the amended judgment entered February 19, 1945.

We shall hereinafter refer to the Flemings as appellants and to Grace Kosten as respondent.

Appellants assign error in the making and entering of the judgment appealed from; in including in the judgment damages for unlawful detention of the property subsequent to the original trial; in entering judgment against all of the appellants; in entering judgment against the appellant C. Gordon Fleming for damages for unlawful detention of premises for any time subsequent to April 11, 1942; in entering the order dismissing appellants' motion and petition to modify the findings of fact and conclusions of law and to vacate the judgment of April 17, 1943; in denying appellants' motion to modify findings, conclusions, and judgment; and in rejecting and refusing to sign appellants' proposed findings, conclusions, and judgment.

It seems to us the real question presented by this appeal is whether or not the amended judgment from which the appeal is taken conforms to the judgment of this court as contained in the remittitur of January 2, 1945, wherein the trial court was directed in what particulars the judgment of April 17, 1943, theretofore entered, was to be amended.

It should be kept in mind that the judgment of April 17th, entered by the trial court after the remittitur had gone down in the original appeal, and after this court denied the application of appellants to recall that remittitur and correct and clarify the same, has never been appealed from, and, of course, the time for appeal has long since expired. That judgment as entered, then, became a valid and binding

judgment unless and until it had been vacated by the trial court in a proper proceeding, or until the remittitur was recalled and the judgment as entered amended or modified by this court, which latter proceeding could, in a proper case, be followed on the theory that the judgment entered did not comply with the remittitur of this court.

At the time respondent made her application to recall the remittitur (21 Wn. (2d) 825), as we have stated, the judgment of April 17, 1943, stood as a binding and valid judgment, and while at the time last stated appellants had filed a petition and a motion to vacate that judgment and modify the findings and conclusions upon which the judgment was based, the trial court had entered no formal order relative to the disposition of either the petition or motion.

It will be recalled that the judgment entered April 17, 1943, gave judgment against each and all of the appellants, on the theory that they had unlawfully retained possession of the premises from December 31, 1941, up to and including the month of March, 1943, using as a basis for such damages a monthly rental of $32.50. No offset was allowed appellants in that judgment. It is apparent that, by that judgment, the court specifically gave judgment to respondent, not only up to the time of the completion of the trial (March 13, 1942), but for all of 1942 and the first three months of 1943, so that the judgment determined adversely to appellants the contentions here attempted to be raised, namely, that the court erred in entering the amended judgment for damages for any time subsequent to March 13, 1942, and in entering any judgment against C. Gordon Fleming for damages subsequent to April 11, 1942. What, then, was the effect of the judgment of this court as contained in the remittitur of January 2, 1945, wherein the trial court was directed as to the substance of the amended judgment to be entered, and especially to what period of time did this court refer when it stated that the trial court enter an amended judgment for double the amount of the rental of $32.50 per month *for the period involved?*

■ Appellants contend that the words *for the period involved* mean the period of time from December 31, 1941, up

to and including the day the trial on the merits was completed, or March 13, 1942.

We are unable to agree with this contention. This court, in the case of *Kosten v. Fleming,* 21 Wn. (2d) 825, 153 P. (2d) 309, had before it the judgment of April 17, 1943, and the contention that the trial court was about to vacate that judgment and modify it in two particulars, namely, the trial court was going to find that the reasonable rental value of the premises was $22.50 per month instead of $32.50, as provided in the judgment, and the trial court was about to further modify the judgment by allowing appellants an offset against any judgment given respondent.

The period involved in the judgment of April 17, 1943, and for which damages were allowed against all the appellants, was from December 31, 1941, to and including March, 1943. That period of time, then, it seems to us, must have been and was the time referred to by this court when it used the phrase *for the period involved,* and not the period of time as contended for by appellants.

■ It is also our opinion that the remittitur of this court of January 2, 1945, was not intended to and that it did not change or modify the judgment of April 17, 1943, or the facts determined thereby, nor did this court have any occasion to modify or amend that judgment, other than to specifically direct the trial court to enter an amended judgment for double the amount of the rental of $32.50 per month for the period involved, without the allowance of any offset. In other words, the effect of the judgment of this court as contained in the remittitur of January 2, 1945, was to prohibit the trial court from vacating the judgment of April 17, 1943, and modifying such judgment; and while it is true that, by our judgment, we directed that an amended judgment be entered, we did nothing more than to reaffirm the correctness of the judgment of April 17th, as that judgment provided for damages against all the appellants based on a rental of $32.50 per month, and did not allow appellants an offset.

After the remittitur of January 2, 1945, went down, the trial court dismissed the petition and motion of appellants

to vacate the judgment of April 17, 1943, and modify the findings and conclusions upon which such judgment was entered, and rightly so, because it was apparent that this court considered that the judgment of April 17th was a proper judgment; but in view of the expressed intention of the trial court to vacate that judgment and modify it in certain particulars, this court, by the remittitur of January 2nd, specifically informed the trial court that it could not and should not change the monthly rental of $32.50, as provided in the judgment, to $22.50 per month, and that it should allow no offset to appellants.

While it is true that, by the amended judgment, the trial court only allowed respondent damages to February 28, 1943, and in such judgment referred to an admission by appellants in their petition to vacate the judgment of April 17, 1943, to the effect that appellants had actually occupied the premises up to March 2, 1943, in reaching our conclusion we have considered the claimed admission as immaterial and mere surplusage; in other words, the trial court, under the direction contained in the remittitur of January 2, 1945, had no alternative other than to enter an amended judgment for the period involved in the judgment of April 17, 1943, which, as we have stated, was from December 31, 1941, to and including March, 1943. It is our opinion that the amended judgment as entered substantially complies with the judgment of this court as contained in the remittitur of January 2, 1943.

We are further of the opinion that appellants, not having appealed from the judgment of April 17, 1943, are foreclosed by that judgment from now raising the question that damages should have been allowed only to the date the trial ended, March 13, 1942, and are foreclosed from raising the question of damages against C. Gordon Fleming for any time subsequent to April 11, 1942.

We are further of the opinion that this court properly directed a judgment to be entered for $32.50 per month, and we must accept as true the statement of this court that the question of an offset to appellants was not before the trial court and was not before this court.

In view of the conclusions reached by us, it becomes unnecessary to pass upon the question of whether or not the trial court could take judicial notice of the claimed admission of appellants in their petition to vacate the judgment of April 17, 1943, that they had continued in possession of the premises to March 2, 1943.

For the reasons herein assigned, we are of the opinion that the amended judgment substantially complied with the judgment of this court as contained in the remittitur, and that the amended judgment should be, and it is, affirmed.

BEALS, C. J., BLAKE, and ROBINSON, JJ., concur.

