241 P.2d 196

**SPELLMAN LUMBER CO. et al. v.**
**HALL LUMBER CO. et al.**
**No. 5452.**

Supreme Court of Arizona.
March 3, 1952.

Rehearing Denied March 26, 1952.

Byrne & Byrne, of Prescott, for appellants.

Mangum & Flick, of Flagstaff, for appellees.

UDALL, Chief Justice.

Spellman Lumber Company, a copartnership consisting of S. Whitney Spellman and Estelle L. Spellman, as plaintiffs, instituted this suit against defendants Hall Lumber Company, a copartnership consisting of R. L. Hall and J. D. Hall, for the alleged breach of a contract. The case was tried to the court sitting without a jury which denied plaintiffs any relief and they have appealed from a denial of their motion for new trial and the judgment entered in favor of defendants.

Plaintiffs are engaged in the wholesale lumber business with its principal place of business in Birmingham, Alabama, and defendants are engaged in the re-manufacture of small mill lumber with their mill and office located in Flagstaff, Arizona. During the first week of April 1948, Henry A. McNutt, a representative of the plaintiffs, visited the defendants' office looking to the purchase of lumber. After some discussion in the office, McNutt and defendant R. L. Hall went out and examined the lumber on hand with particular emphasis as to its moisture content. It was ascertained from the inspection of ten to fifteen pieces that the moisture content ranged from bone dry (9%) to very green lumber (21%).

McNutt then communicated this information to plaintiffs who telephoned Hall from Alabama telling him they were definitely interested and thought they would be able to wire a purchase order number. Plaintiff then notified defendants by wire to enter orders for two cars of number 2 shop and better, ponderosa pine, air dried, and formal purchase orders were being sent by air mail. The purchase orders directed the defendants to ship the first car, unsurfaced, to the Standard Lumber Co.,

St. Louis, Missouri, and the second car was to be surfaced on two sides and consigned to the plaintiffs in Birmingham, Alabama. After an exchange of telegrams concerning the terms of payment the defendants on April 10, 1948, formally accepted the written purchase order and specified that the lumber to be shipped was air dried.

Plaintiffs sold the second car during transit and upon its arrival reconsigned it to the purchaser, General Supply Co. of Birmingham. It was rejected by the customer because it was green and stained which made it unfit for their use. Plaintiffs notified Western Pine Association requesting a reinspection of the lumber and Lee Moffett, the association's representative inspected it and certified that it was green and stained. Plaintiffs disposed of it to another customer at a loss of $825.73, which constitutes the damages claimed in this action. No complaint was made as to the first car shipped to St. Louis; it is only the loss sustained by the plaintiffs on the second car that is involved in this suit.

Plaintiffs' cause of action against defendants—as set forth in the original complaint—was for breach of an express contract, it being alleged that defendants had agreed to sell and deliver to plaintiffs a carload of number 2 shop and better ponderosa pine, air dried lumber, at $126 M.B.F. and that defendants had breached their contract by selling and delivering green lumber. One defense was that plaintiffs had failed to notify defendants within ten days of their dissatisfaction with the shipment as required by the rules (Rule 88) and regulations of the Western Pine Association—of which both parties were members—concerning inspection and reinspection, thereby depriving defendants of their opportunity to inspect the shipment and determine its condition and otherwise protect themselves from loss.

The trial court found as a fact that the plaintiffs had failed to comply with the rules of the association concerning notice of inspection and reinspection. In our opinion this finding is not supported by the evidence adduced at the trial. While it may be true that the rules were not meticulously followed as to the manner of giving such notice yet it cannot be said that the defendants were not timely advised of the complaint. The facts are that the carload of lumber in question was received in Birmingham, Alabama, on April 28, 1948. It appears that plaintiffs immediately asked for a reinspection of the shipment by the Western Pine Association and the latter, on April 30, 1948, by letter acknowledged receipt of the complaint and assigned inspector Lee Moffett to make the inspection. A copy of the above mentioned letter was mailed to the Hall Lumber Company and according to R. L. Hall it was received by them on May 4th. In addition it appears—without direct contradiction—that Mr. McNutt in behalf of the plaintiffs also telephoned a complaint to the seller within the ten-day period allowed under the rules. In any event it was admitted by

the defendants that they did not suffer because of lack of timely notice, hence they were not prejudiced in any way. There is no merit to this defense.

Plaintiffs, some twenty days after trial, made application under rule 15(b) —section 21–449, A.C.A.1939—for leave to file an amended complaint. The amendment merely added a second cause of action seeking to bind the defendants under a provision of the Uniform Sales Act, section 52–516, A.C.A.1939. Specifically it alleged the testing of ten to fifteen pieces of lumber with a meter, the agreement of the parties as to a fifteen per cent moisture content of the lumber and that the car did not conform to the sampling. The lower court denied the application and its ruling is assigned as error. The rule in question is remedial in character and where the record justifies such action trial amendments, even after trial, should be allowed. In the instant case we are not prepared to say that the trial court abused its discretion in not permitting the amendment. Even counsel for plaintiffs in their opening brief concede "it may not have been necessary for the amended complaint to be filed". We hold this assignment is without merit.

It is elementary that before there can be a binding contract there must be mutual consent of the parties but once it is mutually agreed between them the contract is formed and is binding according to its terms. Wadin v. Czuczka, 16 Ariz. 371, 146 P. 491. In the instant case the contract as to the second car of lumber was formed not later than April 10, 1948 when the defendants formally accepted the offer of the plaintiffs by mailing them a written confirmation. The purchase orders and the telegrams which placed the order specified that the lumber was to be air dried, and that term was accepted by the defendants without question. This therefore became one of the terms of the contract and was binding on the defendants.

Defendants concede that the reinspection report of the Western Pine Association was correct but assert they didn't need the reinspection to know the lumber was green. They contend that plaintiffs through their representative, Henry A. McNutt, inspected the lumber and were fully advised of its moisture content, and therefore received what they had bargained for. This contention however completely ignores the fact that the price charged was for number 2 shop or better air dried lumber. The trial court also found as a fact that the plaintiffs were fully advised through their agent of the condition and moisture content and that McNutt made a verbal purchase of the lumber which was confirmed by the plaintiffs. As to this latter part of the finding, the record does not support it; the evidence conclusively shows that the contract of sale was entered into by the parties after an exchange of telegrams and correspondence on both sides.

The findings that plaintiffs were fully advised through their agents ignore the plain terms of the contract. Plaintiffs offered to buy air dried and not green lum-

ber, which offer the defendants accepted and they so referred to it in their invoices and confirmation. The inspection by Mc-Nutt was merely preliminary dealing looking forward to a contract by the parties and not the contract itself.

Having concluded that the trial court's findings of fact are not supported by the evidence and it further appearing that the plaintiffs are entitled to judgment as their pecuniary loss was not challenged at the trial and is not now in dispute, there is no occasion for us to remand the case for a new trial. The judgment of the lower court is therefore ordered reversed with directions to enter judgment for the plaintiffs as prayed for in their complaint.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.