330 P.2d 501

Joseph D. CANNON, Appellant,

v.

ARIZONA GAME & FISH COMMISSION ex rel. The ATTORNEY GENERAL for the State et al., Appellees.

No. 1113.

Supreme Court of Arizona.

Oct. 15, 1958.

**2**

Albert M. Garcia, Yuma, for appellant.

Robert Morrison, Atty. Gen., Frederick E. Kallof, Asst. Atty. Gen., for appellees.

PHELPS, Justice.

This is an appeal by Joseph D. Cannon, who will hereinafter be referred to as defendant, from an order and judgment of the superior court of Yuma county adjudging him guilty of contempt of court and assessing punishment therefor.

The facts and circumstances leading up to the judgment for contempt of court are that an action in forcible entry and detainer was filed in the superior court of Yuma county by the Arizona Game & Fish Commission ex rel. The Attorney General for the State of Arizona, and M. E. Smiley Farms, Inc., an Arizona corporation, against defendant Joseph D. Cannon (and others who are not herein involved) seeking possession of certain real property described therein located along the Arizona side of the Colorado river which

the complaint alleged was in the possession of M. E. Smiley Farms, Inc., and Arizona Game & Fish Commission under leases originally from the State of Arizona. The complaint further alleged that said premises had been forcibly entered by said defendants by cutting and removing a fence belonging to said Game & Fish Commission, and that said defendants were then and there occupying said premises and operating heavy machinery and equipment thereupon, excavating and removing natural growth therefrom, all of which was done without the consent of plaintiffs and obstructing plaintiffs possession thereof.

Defendants in their answer denied the validity of plaintiffs' lease and alleged that said premises do not lie within the boundary of the State of Arizona and, therefore, the Arizona court was without jurisdiction to try said case. They then alleged that the lands were unsurveyed; that the boundary line between Arizona and California is yet undetermined and that the premises involved are not subject to the possessory interest claimed by plaintiffs.

The cause was tried to the court sitting without a jury and judgment was rendered and entered of record adjudging defendants guilty of forcible entry and detainer and ordered that a writ of restitution issue. A writ of restitution issued commanding the sheriff to forthwith re-move defendants from said premises and deliver possession thereof to plaintiffs. Return thereto was made by the sheriff of Yuma county showing a delivery of possession of said premises to plaintiffs. No appeal was taken from said judgment.

Thereafter, the attention of the court was called to the fact by affidavit of Ora A. Cypert, a sublessee of Arizona Game & Fish Commission, that defendant and his servants after delivering the possession of said premises to plaintiff in accordance with the writ of restitution, had returned and entered upon said premises and were then and there holding, using and occupying the same in callous disrespect of the orders, judgment and processes of the court, and in contempt of said court.

The court thereupon issued its order requiring defendant Joseph D. Cannon to appear before the court and show cause if any he had, why he should not be punished for contempt of court. Incorporated therein was an order for an alias writ of restitution. The defendant not having been served, a second order to show cause and order for an alias writ of restitution was issued requiring defendant to later appear before the court and show cause why he should not be punished for contempt of court.

Defendant's response to the court's last order to show cause alleges that since he was dispossessed of the lands in question he had acquired a lease to lands claimed by

'4

plaintiffs which gave him a right to possession superior to that claimed by plaintiffs, and that in addition thereto, one of the plaintiffs had given him written permission to enter upon said premises to survey the same and that it was not his intention to show a callous disrespect for the court and its orders.

The hearing on the order to show cause was finally heard. Defendant requested findings of fact and conclusions of law and at the conclusion of the hearing the court found that after surrendering said premises to plaintiffs defendant again re-entered said premises intentionally violating the order of the court, and adjudged him guilty of contempt of court.

The court, thereupon, sentenced defendant to imprisonment in the county jail for fifteen days forthwith and to pay a fine of $500, said fine to be paid to the clerk of the court and by said clerk payable to the Arizona State Fish & Game Department, and on default in the payment of said fine the defendant was ordered committed to the Yuma county jail to serve an additional one hundred days or until said fine was satisfied at the ratio of one day for each $5 of the fine unpaid, said jail sentence to run consecutively. The court then pronounced that: "The bond will be $1,000." The clerk entered this as follows: "It is ordered that the appeal bond be fixed at $1,000."

Defendant states in his brief that he was found guilty of contempt of court for re-turning to lands from which he had been previously dispossessed by a writ of restitution under the provisions of A.R.S. §§ 12–861, 12–862 and 12–863, and from the sentence imposed thereupon, he appeals to this court.

Defendant claims the issues to be: (1) can a court punish a person for contempt if he returns to the land involved after being dispossessed therefrom by writ of restitution issued in forcible entry and detainer? (2) can a person who has been dispossessed in an action in forcible entry and detainer by writ of restitution who subsequently obtains permission from one of plaintiffs in such action be punished for contempt of court for returning to such lands after being dispossessed by writ of restitution? (3) can a person who has been dispossessed in an action in forcible entry and detainer by writ of restitution and who subsequently obtains a lease for a portion of such lands from a third person who has a lease from the patentee of such lands, be punished for contempt of court for entering the lands which he has subleased which lands are within those from which he was dispossessed by writ of restitution?

We will accept the issues presented by defendant as the specific grounds upon which he prosecutes this appeal and will consider them seriatim. The answer to issue No. 1 is yes. A.R.S. §§ 12–861 and 12–864 both state that the failure to obey a lawful

writ, process, order or judgment of the court constitutes contempt. The only difference is that under § 12–861 the disobedience must be wilful while under § 12–864 it need not be. The court found that defendant intentionally violated the order of the court in going upon the premises involved. The facts reasonably support this finding.

■ The answer to issue No. 2 will be limited to the facts and circumstances of this case and the answer thus limited is yes. In the first place, the purported permission of M. E. Smiley Farms, Inc., was not shown to have been authorized by the corporation; secondly, it was shown by the affidavit of Ora A. Cypert, and the court so found that defendant went upon the property with land-clearing equipment and as a result of his actions disturbed the peace of the community, specifically Ora A. Cypert, and law enforcement officers had to be called to preserve the peace. This was in direct violation of the purported permit to enter thereupon.

■ The answer to issue No. 3 must also be answered in the light of the facts and circumstances of the instant case and not as a general proposition of law. Thus limited, the answer will again be yes.

A judgment in actions of forcible entry and detainer, like any other judgment, is conclusive between the parties as to matters which could and should have been adjudicated as well as to matters put in issue and determined, and is res judicata as to such facts. McHenry v. Hubbard, 156 Kan. 415, 134 P.2d 1107; Kosten v. Fleming, 24 Wash.2d 355, 164 P.2d 655. It is no bar however to a subsequent action between the same parties to establish title to the same premises for the reason that under our statute the only issue that can be tried in a forcible entry and detainer action is the right of actual possession. A.R.S. § 12–1177. It follows that if defendant has acquired title or a right of possession to the property here involved superior to that of plaintiffs, since the judgment against him in the forcible entry and detainer action, he may file an independent action in the superior court of Yuma county and establish such superior right of possession but, until he does so, he is bound to abide by the judgment in forcible entry and detainer. That judgment is res judicata as to the right of actual possession of the property involved as between him and plaintiffs and will be until defendant establishes by such independent action his superior right thereto.

The court correctly limited the issues in the contempt case to the sole question of whether defendant entered upon the land in violation of its order removing him from said premises. The evidence is undisputed that defendant did re-enter upon said property and the court found that in so doing he intentionally violated said order. It therefore properly denied defendant's mo-

tion to quash the court's order to show cause and defendant's motion to dismiss the contempt proceedings.

We have considered not only the three issues chosen by defendant for our consideration which are substantially set forth above, but have met all issues raised in the eleven assignments of error although they neither meet the requirements of Rule 5(c) nor Rule 20 of this court, 17 A.R.S.

Order and judgment of contempt is affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concurring.