372 P.2d 200

David E. HEYWOOD and Marie S. Heywood,
husband and wife, dba Heywood
Realty, Appellants,

v.

Edwin T. ZIOL and Helen Ziol, husband
and wife, Appellees.

No. 6960.

Supreme Court of Arizona.

In Division.

June 6, 1962.

Christy, Kleinman, Peterson & Hoyt,
Phoenix, for appellants.

**310**

Cavanagh & O'Connor, Phoenix, for appellees.

STRUCKMEYER, Justice.

This is an appeal from a judgment wherein the court below granted rescission of a renewal option contained in a lease and a recovery for unpaid rent. Plaintiffs, Edwin T. Ziol and his wife, at all times herein concerned have been the owners of real property located at 342 East Camelback. In 1954 these premises consisted of a lot approximately 60 by 137 feet on which a house was situated. On May 28, 1954, plaintiffs agreed to lease this property to defendants, David E. Heywood and his wife, for the purpose of conducting a real estate brokerage business. Hereinafter, the parties will be referred to simply as plaintiff and defendant since the husbands in each instance negotiated the transaction out of which the controversy arises.

A written lease was prepared by a real estate salesman employed by defendant. The written agreement provided for a leasing of the premises for a period of three years and contained express terms as to the amount of rent to be paid e. g., $4,500, $250 upon execution of the lease which represented the first and thirty-sixth month's rent; $100 on the 15th of July, 1954, and a like amount on the fifteenth of each month until June 1955; $125 on the 15th day of June, 1955, and a like amount on the fifteenth of each month until June 1956; $150 on the 15th day of June, 1956, and a like amount on the fifteenth of each month until the full amount of $4,500 was paid.

The agreement also contained an option to renew the lease. It is this "option" which forms the crux of the controversy. The option states:

> "THAT the Lessors hereby grant the Lessees an option to renew this lease with same terms and conditions for a period of three years DEH ETZ ~~at a rental of $150.00 per month~~ provided the Lessees give the Lessors written notice of their intention to renew this lease on or before March 14, 1957."

At the insistence of plaintiff the words, "at a rental of $150.00 per month", were deleted from the agreement by interlineation in ink. This deletion was initialled by both plaintiff and defendant. After execution of this agreement defendant took possession of the premises. On March 6, 1957, defendant in a letter to plaintiff gave written notice of his intention to exercise the option in the following language:

> "I herewith give you written notice that I hereby elect to renew said lease 'with the same terms and conditions for a period of three years'; said renewal period to be from June 15, 1957 to June 14, 1960."

On March 21, 1957, the attorney for plaintiff sent a letter to defendant advising him that if he wished to exercise the option a reasonable rent for the term would be $250

per month. Defendant refused to pay the $250 per month but tendered $250, representing the first and last month's rent. On July 23, 1957, plaintiff commenced an action of forcible detainer against defendant. That action, civil cause No. 94980, resulted in a judgment for the defendant adjudicating him not guilty of forcible detainer.

On January 31, 1958, plaintiff instituted the instant action against this same defendant seeking in the alternative either rescission of the renewal option or reformation of the agreement. The matter proceeded to trial by a court without a jury. On May 27, 1959, judgment was entered in favor of plaintiff granting rescission of the option. In addition the court fixed the reasonable rental value of the property from June 15, 1957, to May 15, 1959 at $150 per month and allowed plaintiff to recover the sum of $725 for unpaid rent together with costs. It is from this judgment that defendant appeals.

Defendant first contends that the court below erred in denying the motion to dismiss the complaint and granting judgment in favor of plaintiff for the reason that the judgment in civil cause No. 94980, adjudging defendant not guilty of forcible detainer was res judicata in this case. It is defendant's position that a judgment in an action of forcible entry and detainer is res judicata both as to the facts and issues actually presented in such action and any issues which could and should have been then presented. In support of this position defend-

ant quotes from our decision in Cannon v. Arizona Game and Fish Commission, 85 Ariz. 1, 330 P.2d 501, 503, wherein we stated:

"A judgment in actions of forcible entry and detainer, like any other judgment, is conclusive between the parties as to matters which could and should have been adjudicated as well as to matters put in issue and determined, and is res judicata as to such facts." 85 Ariz. 1, 5, 330 P.2d 501, 503.

In this jurisdiction the action of forcible entry and detainer is a statutory proceeding, the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession. Cannon v. Arizona Game and Fish Commission, supra; Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394; Crismon v. Christmann, 44 Ariz. 201, 36 P.2d 257. Our statute on this subject provides that the *only issue* in such an action is the right of actual possession. A.R.S. § 12–1177, subd. A. This issue can only be determined after a presentation of the facts and attending circumstances upon which the right to possession is claimed. However, in the course of such determination it often becomes necessary to resolve both subsidiary issues of fact and law in order to determine who is entitled to possession and these issues are also res judicata. As so

qualified the seemingly broad language in Cannon v. Arizona Game and Fish Commission, supra, is a correct statement of the law.

■ Plaintiff in the forcible detainer action, alleged that defendant under the terms of the lease agreement had been given an option to renew for a period of three years at a rental to be determined by plaintiff. Further allegations were to the effect that plaintiff had determined and notified defendant that the rental for the ensuing term would be $250 per month and that defendant refused to pay the first and last month's rent in the sum of $500 but had tendered only the sum of $250. A copy of the leasehold agreement was attached to the complaint. Defendant in his answer denied that the rent for the renewal period was to be determined by plaintiff and predicated his right to retain possession on the ground that the written lease contained an option to renew and that there had been a compliance with the conditions precedent in exercising such option. The only fact necessary for the court to determine was whether defendant was holding possession by reason of the option clause in the lease, a fact which is not disputed and the only conclusion of law was of course the legal conclusion emanating from the language used. Such a judgment would not within the language of Cannon v. Arizona Game and Fish Commission, supra, bar plaintiff from thereafter seeking rescission or reformation. By seeking equitable relief of the nature sought in the present action plaintiff is seeking to establish a different right. In doing so issues are presented which neither could have nor should have been considered in the prior action. Plainly when the legal conclusion as to the meaning of the language used was determined adverse to plaintiff in the forcible detainer action the trial court was wholly without any right to then consider rescission or reformation of the instrument. Nor was any such claim then or is it now asserted. Accordingly, the prior judgment was not res judicata of the issues presented in the instant case. See Pipitone v. Mandala, 33 Ill.App.2d 461, 180 N.E.2d 33.

■ Defendant next contends that the trial court erred in granting judgment in favor of the plaintiff for the reason that the terms of the written lease not being ambiguous in nature were binding upon plaintiff in the absence of a showing that there had been any misrepresentation by defendant. The basis for allowing rescission was the court's finding as stated in its minute entry:

"This matter having been under advisement, and the Court being fully advised in the premises, finds there was no meeting of the minds of Plaintiffs or Defendants regarding the terms of the option for renewal, and that the

contract, through mutual mistake, does not reflect the true intent of either Plts. or Defendants, and for that reason the option to renew is void and is of no force and effect * * *."

On the question of mutual mistake plaintiff testified that it was his intention, by removing the words "at a rental of $150.00 per month", to be released from stating a specific rental for the renewal period and that the question of what would be a reasonable rent would be discussed if and when the option was exercised. Defendant admitted on cross-examination that he believed it was understood between the parties that the rent for the option was to be $150 per month regardless of the deletion. He testified as follows:

"Q. Then, sir, you also must have known that the rental for the option period was to be negotiated or agreed upon at the time you exercised the option?

"A. No, sir.

"Q. You mean you concluded that you thought that the landlord was going to have the rent reduced back to one hundred dollars for the first year of the option?

"A. No, sir.

"Q. Did you conclude that the landlord wanted the rent reduced back to one hundred twenty-five dollars for the second year of the option?

"A. No, sir.

"Q. Did you conclude that the landlord wanted rental of one hundred fifty dollars for the entire option period?

"A. That was what I thought all the time, and I couldn't see any difference that this deletion would make.

"Q. So then, sir, you felt that the landlord wanted the rent at one hundred fifty dollars for each month of the option period?

"A. That was my understanding all the way through."

Thus by both parties' evidence the total amount of rent to be paid during the three year period from June 1957 through June 1960, was not $4,500, the amount for the previous three years. Defendant further testified that he was advised by his attorney that he was only obligated to pay rent upon the same terms as the prior three year period after receiving a letter from defendant's attorney in which he was informed that $250 per month would be a reasonable rent for the renewal period. It appears that neither party sought nor obtained legal advice concerning this transaction until after defendant had evinced an intention to exercise the option.

The mutual mistake under which the parties to this agreement were laboring was the legal effect of the written agreement. This misconstruction of the agreement as written was a mistake of law and not of fact.

Lamson v. Horton-Holden Hotel Co., 193 Iowa 355, 185 N.W. 472, 26 A.L.R. 465; 1 Black on Rescission and Cancellation § 147 (2nd ed.); 3 Pomeroy's Equity Jurisprudence § 843 (5th ed.). Strictly speaking this case involves two unilateral mistakes since each party was laboring under a different interpretation of the legal effect of the renewal provision. 1 Black on Rescission and Cancellation § 128 (2nd ed.). The mistakes were mutual only to the extent that it was the same provision which was being construed.

■ The defendants assert that a party to a contract can not avoid it on the ground that he made a mistake where there was no misrepresentation and there was no ambiguity in the terms of the contract. McMillon v. Town of Flagstaff, 18 Ariz. 536, 164 P. 318. However true this may be, this rule is applicable only to the circumstance where a single party makes a mistake and the law governing mutual mistake either of law or fact has no application. As stated, the trial court found that "there was no meeting of the minds" of the parties and the contract "does not reflect the true intent of either * * *."

■ It is elementary that before there can be a binding contract there must be mutual consent of the parties to the terms thereof. Spellman Lumber Co. v. Hall Lumber Co., 73 Ariz. 322, 241 P.2d 196. There must be a distinct intention common to both and without doubt or difference and until all understand alike there can be no assent. In the instant case there was no distinct intention common to both; the parties did not understand alike and therefore there was no assent. We hold the trial court did not err in concluding that there was no meeting of the minds and for that reason the option to renew was void.

The judgment of the court below is affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.