**INTERNATIONAL MANUFACTURING CO., Inc., a corporation, and Rudolfo Jacuzzi, an individual, Appellants,**

v.

**LANDON, INC., a corporation, Appellee.**

**No. 19067.**

United States Court of Appeals
Ninth Circuit.

Feb. 14, 1964.

---

Naylor & Neal, James M. Naylor, and Frank A. Neal, San Francisco, Cal., for appellants.

Mellin, Hanscom & Hursh, Oscar A. Mellin, and Jack E. Hursh, San Francisco, Cal., Anderson & McMillan and Carl Anderson, Burlingame, Cal., for appellee.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

**PER CURIAM.**

We have heretofore ordered the "Application for leave to file petition for a writ of mandamus," and "Petition for writ of mandamus," (in the matter entitled "International Manufacturing Co., Inc., a corporation, and Rudolfo Jacuzzi, an individual v. The Honorable George B. Harris, Judge, etc.," which application for mandamus was heretofore denied by this court after a motion to set aside the existing order was denied in the court below) as opening briefs on this expedited appeal from the interlocutory order of November 19, 1963, refusing to dissolve an injunction in a patent infringement action. The district court on July 2, 1963 had found appellee's two patents valid and infringed, and had

granted injunctive relief to appellee to make its order effective. This order had become final, because not appealed.

This court is of the opinion:

(a) The district court had the authority to grant the injunctive relief ordered on July 2, 1963 which became final because no appeal was taken. "The infinite variety of situations in which a court of equity may be called upon for interlocutory injunctive relief requires that the court have considerable discretion in fashioning such relief." Tanner Motor Livery, Limited v. Avis, Inc., 9 Cir., 1963, 316 F.2d 804, 809; 7 Moore, Par. 62.05. The court's action was neither arbitrary nor unlimited. Zenith Carburetor Co. v. Stromberg Motor Devices Co., 7 Cir., 1921, 270 F. 421, cert. den. 249 U.S. 605, 39 S.Ct. 288, 63 L.Ed. 798.

(b) The appellants cannot collaterally attack the order of July 2, 1963, now final, by appealing from the order of November 19, 1963. O. F. Nelson & Co., Ltd. v. United States, 9 Cir., 1948, 169 F.2d 833. A judgment or decree of this court, if appealable, is, after no appeal is taken, conclusive upon the parties. "If the District Court had erred in dealing, or in failing to deal, with any issue * * * involved, the remedy was by appeal and no appeal was taken." Nelson, supra.

(c) There was no "merger" of the July 2, 1963 and the November 19, 1963 orders. Appellants' reliance on Moore's commentary on the U. S. Judicial Code is misplaced. The rule of law there enunciated permits a reviewing court, on one appeal, to consider "other *nonappealable* orders."[1]

(d) There was no abuse of discretion in fixing the amount of the bond at $40,000, so as to enable appellants to obtain relief from the restraining order issued against appellants in support of the district court's jurisdiction, if they desired.

(e) The attempt to charge appellee with rain damage to appellants' materials because of appellants' failure to protect property wholly within appellants' care and control is without merit. Appellants were not restrained or prevented in any manner from protecting their property from rain damage.

Finding no merit in appellants' various points on appeal, we affirm the action and order of the district court, and dismiss the appeal therefrom.

---

[1] To hold that the motion to modify the July 2, 1963 order, filed on August 7, 1963, after the time to appeal from the July 2, 1963 order had expired on August 2, 1963, somehow breathed new life into the July 2, 1963 order and permitted an appeal from the "merged" orders, would render any restrictive rules on the time within which appeals must be taken meaningless. (Cf. Rule 73, Fed.Rules Civ. Proc.)