422 P.2d 702

**Darlene CHARBONEAU, individually and as natural mother and next friend of Two Minor Children, Petitioners,**

**v.**

**The SUPERIOR COURT OF MARICOPA COUNTY, Arizona, Robert L. Myers, Judge, and Louis S. Enriquez, Respondents.**

**No. 8905.**

Supreme Court of Arizona.

In Banc.

Jan. 18, 1967.

Rehearing Denied Feb. 21, 1967.

Renz L. Jennings, Robert· S. Murlless, Phoenix, for petitioners.

Donald Maxwell, Richard A. Johnson, Scottsdale, for respondent, Louis S. Enriquez.

LOCKWOOD, Justice.

·,The petitioner sought a writ of prohibition preventing Honorable Robert L. Myers,

sitting as Probate Judge of the Superior Court of Maricopa County, from proceeding in the case Probate Number P-67259, In the Matter of the (Alleged) Guardianship of two minor children. The Court granted a peremptory writ of prohibition, and in accordance with the order therefor, expresses the following opinion.

On August 16, 1966 Louis S. Enriquez filed a petition in the probate court division of the Maricopa County Superior Court, alleging that the welfare of his two children, whose mother is the petitioner herein, was threatened, asking that he be appointed the guardian, and for temporary custody of the children pending a hearing on said petition. Enriquez alleged that the mother had upon numerous occasions threatened her own life and the lives of the children. The order granting Enriquez temporary custody of the children was issued ex parte and a date was set for hearing to determine guardianship.

Petitioner maintains that the probate court has no jurisdiction in the present case to establish either temporary custody or permanent guardianship of the children.

■ An issuance of a writ of prohibition is proper in order to prevent an inferior court from acting in excess of, or without jurisdiction where there exists no plain, speedy, adequate remedy at law and injustice threatens. Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463 (1966); Rothweiler v. Superior Court, 100 Ariz. 37, 410 P.2d 479 (1966).

In the present case the probate judge acted pursuant to A.R.S. § 14–843. The section is a part of Title 14, relating to decedents' estates and all types of guardianships. It is contained in Article 2 of Chapter 6 of the above title, which deals specifically with guardianship of minors. Section 14–843 reads as follows:

"§ 14–843. Appointment of guardian of minor; petition; notice; temporary custody

"A. The superior court may appoint guardians for the person or estate, or both, of a minor who has no guardian legally appointed by will or deed, and who is an inhabitant or resident of the county, or who resides without the state and has an estate within this state.

"B. Appointment may be made on petition of a relative or other person on behalf of the minor, or on petition of the minor, if fourteen or more years of age. Before making the appointment, the court shall cause such notice as it deems reasonable to be given to any person having care of the minor, and to the relatives of the minor residing in the county where the petition is filed.

"C. When it appears to the court, either from a verified petition, or affidavits, that the welfare of the minor will be imperiled if he is permitted to remain in custody of the person then having care of him, the court may make an order providing for temporary custody of the minor until hearing on the petition.

"D. When there is reason to believe the minor will be taken from the jurisdiction of the court before which application is made, or will suffer irreparable injury before compliance with the order for temporay custody can be enforced, the court may at the time of making the order for temporary custody cause a warrant to be issued, reciting the facts, and directed to the sheriff or any constable of the county, commanding the officer to take the minor from the custody of the person in whose care he then is and place him in such custody as the court orders."

Paragraph C of the section recognizes that a minor may be in the physical custody of a person "then having care of him", under circumstances where the minor would be imperiled if permitted to remain in that custody, and therefore authorizes the probate court to make an order for temporary custody of the minor until the hearing on his guardianship.

■ It is apparent, however, that the language of the entire section, read in con-

text, presupposes that at the time the jurisdiction of the court is invoked the minor whose guardianship is in question does not already have a guardian capable of acting as such for the minor.

In the present case the natural parents of the children were battling for their custody. There is present no question of any estate to be handled for the minors, but instead a dispute as to whom custody of the children should be awarded. The parent is the natural guardian of its child. See, Arizona State Dept. of Public Welfare v. Barlow, 80 Ariz. 249, 296 P.2d 298 (1956); In re Winn, 48 Ariz. 529, 63 P.2d 198 (1936). Since the preconditions necessary for the application of A.R.S. § 14–843 were not present the probate judge in this case was without jurisdiction to proceed.

The Arizona constitution, Article 6, § 15 A.R.S., confers exclusive original jurisdiction in the Superior Court of all dependent, and neglected children, and states that the powers of judges to control such children shall be as provided by law. A.R.S. § 8–202, which is a part of the juvenile code enacted to implement the constitutional provision regarding proceedings affecting "neglected, dependent, * * * children," indicates that in the exercise of this jurisdiction it is the juvenile court which acts The definitions found in A.R.S. § 8–201 describing the meaning of "neglected child" are broad enough to encompass children whose very existence is allegedly threatened by the acts of one of the parents. The juvenile court, under the circumstances of this case, was the proper court jurisdiction.

We note also that in Arizona, if a minor is held either unlawfully or in a manner which is inimical to his welfare, the remedy of habeas corpus has always been available.

We do not speculate as to what prompted the father to file his petition in the probate, instead of the juvenile court. However, we hold that under the circumstances of this case the probate judge was without jurisdiction to order that the temporary custody of the children be placed in the father pending the outcome of a hearing on the matter, and was also without jurisdiction to hold any hearing to determine the permanent disposition of the children's custody.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.