425 P.2d 578

Daniel E. KENYON, a/k/a Elwin Daniel Kenyon, Appellant,

v.

Phyllis Jean KENYON, Appellee.

No. I CA–CIV 338.

Court of Appeals of Arizona.
March 29, 1967.
Rehearing Denied April 17, 1967.
Review Denied May 9, 1967.

Alan Philip Bayham, Phoenix, for appellant.

Kaplan & Wilks, by Jerold Kaplan and Philip M. Haggerty, Phoenix, for appellee.

JACK G. MARKS, Superior Court Judge.

This is an appeal by Daniel E. Kenyon, also known as Elwin Daniel Kenyon, hereinafter sometimes called Daniel or appellant, from an order of the Superior Court of Maricopa County (Honorable Donald Daughton, presiding) entered on December 6, 1965, in Cause No. 76407 directing the Clerk of the said court to release to Phyllis Jean Kenyon, hereinafter sometimes called Phyllis or appellee, the sum of $11,229.17 held by the Clerk in Cause No. 145206 of the

same court. The predicate for this order is the judgment of the said court (Honorable Thomas Tang, presiding) entered on December 15, 1964, in this action for divorce filed by Phyllis against Daniel following a trial to the court at which both wife and husband were present in person and by counsel, which, in part, reads as follows:

"It is further ordered that there is awarded to the plaintiff wife as and for her share of the community property an undivided one-half interest in the cause of action of the defendant, Elwin Daniel Kenyon, for injuries which defendant suffered as a result of an automobile accident in 1962."

Daniel did not appeal from this judgment.

Chronologically the factual background of both the judgment and subsequent order is as follows:

Daniel and Phyllis were married on November 25, 1947, in the state of New York and during coverture moved to Phoenix, Arizona, where they established their residence. On April 14, 1962, in Phoenix, Arizona, Daniel was a passenger in an automobile which was struck by an automobile driven by Albert J. Wild. As a result of his injuries Daniel commenced an action for damages against Wild by filing his complaint in Cause No. 145206 on December 18, 1962.

During the pendency of the tort action Phyllis commenced her divorce action on October 8, 1963, in which she alleged (in paragraph IV of her complaint):

"That plaintiff and defendant own community property described as follows:

"a) Equity in house located at 3824 West State Avenue, Phoenix, Arizona, together with furniture and furnishings therein;

"b) Equity in a 1958 Mercury station wagon;

"c) Unknown amounts of cash and other personal property."

Daniel admitted the allegations contained in paragraph IV of the complaint. Following the trial and entry of judgment in the divorce action the tort action was tried to the court and jury commencing on May 18, 1965, resulting in a verdict on May 21, 1965, in favor of Daniel in the sum of $38,000.00. Following the entry of judgment upon the verdict Daniel, on October 11, 1965, filed a motion for leave to deposit the said $38,000.00 in court pursuant to Rule 67(a), Rules of Civil Procedure, 16 A.R. S., as he would not endorse the draft or execute releases in favor of the defendant and his insurance carrier " * * * unless he could be guaranteed that no part of the $38,000 would belong to his former wife, Phyllis Jean Kenyon, from whom he was divorced during the pendency of this action; * * *".

On October 15, 1965, Phyllis filed her response to Daniel's motion, praying that one-half of the amounts due and payable to Daniel, plus arrearages in the sum of $2,762.37 be paid to her.

On November 5, 1965, in open court before the Honorable Donald Daughton, the trial judge in the tort action, Daniel endorsed the draft in the sum of $38,000.00 and executed a satisfaction of judgment " * * * without prejudice to Mr. Kenyon's right to claim that the decree of divorce in Cause No. 76407 is void." Immediately thereafter Daniel filed a "Motion that One-Half of Plaintiff's Net Recovery Allegedly Awarded to Plaintiff's Former Wife be Declared Void" on the ground " * * * that the personal injury action which was the subject matter of this suit [Cause No. 145206] is the separate property of the plaintiff." [1]

On November 19, 1965, Phyllis filed a "Petition for Order to Show Cause and Reply to Petition and Order to Show Cause in Cause No. 145206" in this divorce action praying that the Clerk of the court should be directed to pay to her the sum of $14,825.71, and attorney fees.

---

1. It should be noted that Daniel's counsel appearing on this appeal was not his trial counsel before Judge Tang.

The net recovery in the sum of $22,-458.34 was deposited with the Clerk of the court after the draft had been accepted. Thereafter, on November 26, 1965, Judge Daughton denied Daniel's motion in Cause No. 145206 and in this action a similar order was entered on November 29, 1965. On December 6, 1965, a written order was entered in each action authorizing the release to Phyllis of $14,825.71, being one-half of the net proceeds of the personal injury action, the arrearages to date and attorney fees in this action.

On December 8, 1965, Daniel filed a notice of appeal " * * * from the Judgment entered in the above entitled actions [Cause No. 76407 and Cause No. 145206] on the 6th day of December, 1965 * * *" and " * * * from the special order made after final judgment in the above entitled court in the above entitled action on the 29th day of November, 1965 * * *". We have jurisdiction of these special orders made after final judgment pursuant to A.R.S. § 12–2101, subsec. C and A.R.S. § 12–120.21, subsec. A(2). However, we shall consider only the appeal from the signed order entered on December 6, 1965, in Cause No. 76407, which reads, in part, as follows:

"ORDERED that the clerk of the Maricopa County Superior Court release to the plaintiff herein the sum of Eleven Thousand Two Hundred Twenty-nine and 17/100 Dollars ($11,229.17), presently held by said clerk, in Maricopa County Superior Court, Cause No. 145206 pursuant to the Decree of Divorce in the above entitled action awarding to the plaintiff one half of the net recovery in cause No. 145206 in the Maricopa County Superior Court, * * *",

and from the similar signed order entered on the same day in Cause No. 145206.[2]

The appellant contends that the Superior Court erred in recognizing the portion of the divorce decree awarding to the appellee one-half of Daniel's "personal injury claim". He urges that he did not have adequate due process notice that his personal injury claim was involved in the divorce action. He does not deny, however, that the prayer for relief in Phyllis' complaint (referring to paragraph IV of the complaint) demanded "[t]hat the community property existing between the parties be awarded to the plaintiff as her sole and separate property." He claims in his opening brief that the Superior Court hearing the divorce action " * * * did not have any jurisdiction over the personal injury claim" invoking § 4, Article 2, Constitution of Arizona, A.R.S. and, concludes that the "[a]ppellant was caught by surprise by the court's decision." He further contends that " * * * a personal injury claim until it is reduced to judgment is not assignable." In conclusion Daniel urges that this court declare the award to Phyllis of the undivided one-half of his personal injury claim to be void.

Phyllis, as appellee, urges that the present appeal constitutes a collateral attack on the judgment of divorce entered on December 15, 1964, and, in particular, an attack on only one of the many provisions of said judgment. Furthermore she argues that the trial court (Judge Tang) had jurisdiction to hear and determine all of the issues in the divorce action and that the appellant failed to appeal from the judgment entered at the conclusion of the trial of those issues. She contends that nothing was assigned to her as the award related to " * * * her interest in the proceeds of the personal injury claim as her community property."

If Daniel desired to appeal from the portion of the judgment entered on December 15, 1964, which he now claims is void, he was required to do so within the

2. The record reveals that the "special order made after final judgment" entered on November 29, 1965, was an unsigned minute entry order in Cause No. 76407 which is not an appealable order. State v. Birmingham, 96 Ariz. 109, 392 P.2d

775 (1964); Howard P. Foley Company v. Harris, 4 Ariz.App. 294, 419 P.2d 735 (1966); Haechler v. Andrews, 2 Ariz. App. 395, 409 P.2d 315 (1966), review denied by the Arizona Supreme Court.

sixty (60) days from December 15, 1964, Harbel Oil Company v. Steele, 80 Ariz. 368, 298 P.2d 789 (1956); Hurst v. Hurst, 1 Ariz.App. 603, 405 P.2d 913 (1965); Rule 73(b) (1), as amended, Rules of Civil Procedure, 16 A.R.S. This he did not do. As the Superior Court had jurisdiction of the parties, jurisdiction of the subject matter of the action and jurisdiction to render the judgment of divorce entered on December 15, 1964, the judgment (or any portion of it) may not be attacked at this time unless it is void upon its face. Shuster v. Shuster, 51 Ariz. 1, 73 P.2d 1345 (1937); LeBaron v. LeBaron, 23 Ariz. 560, 205 P. 910 (1922). Having failed to appeal within the time permitted by law and having alleged only that he " * * * was caught by surprise by the court's decision", we hold that there is no merit to the appellant's argument that the trial court in the divorce action had no jurisdiction to award to Phyllis an undivided one-half interest in the cause of action for injuries which Daniel suffered as a result of the automobile accident. The judgment entered on December 15, 1964, having become final, is *res judicata* and conclusive upon the appellant. Headley v. Headley, 101 Ariz. 331, 419 P.2d 510 (1966); Ellsworth v. Ellsworth, 5 Ariz. App. 89, 423 P.2d 364 (1967).

■ Furthermore, should that portion of the judgment of divorce awarding an undivided one-half interest in the claim for her spouse's personal injuries be open to review at this time it would avail Daniel naught as his contention that the recovery of damages for personal injuries suffered during coverture is his sole and separate property is also without merit.

The statutory definition of community property is A.R.S. § 25–211, which reads as follows:

"A. All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children while she lives separate and apart from her husband, is the community property of the husband and wife.

"B. * * *".

In Arizona damages for personal injuries of a spouse have been held to be community property. In Pacific Construction Co. v. Cochran, 29 Ariz. 554, 243 P. 405 (1926), the court held:

"We think the [trial] court properly stated the law as it exists in this state and community property states generally. The text in 5 R.C.L. 843, § 23, is as follows:

'As a general rule, causes of action for injury to the person of either spouse during marriage *and* the damages recovered therefor are community property, * * *'". (Emphasis supplied). (29 Ariz. 554, 557, 243 P. 405, 406).

The rule that an award for personal injuries of a spouse is community property, although not expressly included in A.R.S. § 25–211, is that such allowance is grounded upon the loss of earning capacity during coverture which is directly related to the earning power of the community. Dawson v. McNaney, 71 Ariz. 79, 223 P.2d 907 (1950); Fox Tucson Theatres Corp. v. Lindsay, 47 Ariz. 388, 56 P.2d 183 (1936). Although Professor de Funiak has questioned the validity of this rule he has recognized that is the law of most of the community property states. He states the law, as he views it, as follows:

" * * * Since the husband is usually the breadwinner, contributing definite earnings, the loss to the marital community resulting from an injury to him is more obvious and more easily calculable in monetary figures. Therefore, there is usually little question that an injury depriving the community wholly or partly of his earnings is an injury to the community." 1 de Funiak, Principles of Community Property, § 82, pp. 227–228.

■ In the instant appeal Daniel has contended the personal injury "claim", as distinguished from personal injury "proceeds", is not assignable and, therefore, Phyllis is not entitled to the $11,229.17. In effect he asserts that the claim for per-

sonal injuries vested by operation of law in himself when the marriage was dissolved by divorce. However, in Tinker v. Hobbs, 80 Ariz. 166, 294 P.2d 659 (1956), our Supreme Court has firmly held, on facts four square with those in the instant appeal (husband injured—then husband sues in tort against the alleged tort feasor—then wife commences action for divorce and judgment of divorce is entered prior to the trial of the tort action—and then the trial of the tort action), that the rule is "* * * that damages for personal injuries of either spouse are community property" (80 Ariz. 166, 167, 294 P.2d 659, 660) and that the contributory negligence of the ex-wife who "* * * has a direct interest in any proceeds her ex-husband might recover * *" (80 Ariz. 166, 168, 294 P.2d 659, 660) is a sufficient interest to bar recovery in favor of the community for the ex-husband's injuries. In Tinker, supra, it was conceded that by the decree of divorce the ex-wife had been awarded a twenty-five percent interest in the ex-husband's net recovery of damages, if any. Furthermore, the Supreme Court added, if there had been no provision in the divorce decree the ex-wife would have at least an interest in the proceeds as a tenant in common. A.R.S. § 25-318.

 We have not overlooked the appellant's contention (urged for the first time in his reply brief) that he was a resident of Pennsylvania "temporarily" in Arizona on April 14, 1962, when he was injured and, therefore, the $22,458.34 is his separate property. It may not be raised in the first instance on this appeal. Being untimely we have not considered the merits of this contention. Milam v. Milam, 101 Ariz. 323, 419 P.2d 502 (1966); Smith v. Rabb, 95 Ariz. 49, 386 P.2d 649 (1963); City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 102 A.L.R. 837 (1935); State ex rel. Husky v. Oaks, 3 Ariz.App. 174, 412 P.2d 743 (1966).

The appeal from the minute entry order entered on November 29, 1965, in Cause No. 76407 is dismissed. The judgment of the Superior Court entered on December 15, 1964, not being void and the proceeds of the tort action in the sum of $11,229.17, being the property of the appellee, Phyllis Jean Kenyon, having been a community property interest awarded to her in the said judgment, the orders entered on December 6, 1965, in Cause No. 76407 and in Cause No. 145206 are affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.