444 P.2d 521

**CASA GRANDE TRUST COMPANY, an Arizona corporation, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PINAL, and the Honorable J. H. Glenn, a Judge thereof; and Douglas E. Ballard and Bebe Ballard, husband and wife, Respondents.**

**No. 2 CA–CIV 593.**

Court of Appeals of Arizona.

Aug. 21, 1968.

Rehearing Denied Oct. 10, 1968.

Review Denied Nov. 19, 1968.

Howard H. Karman, Casa Grande, for petitioner.

Otto H. Linsenmeyer, Phoenix, for respondents.

MARKS, Superior Court Judge.

In an original proceeding for a writ of prohibition instituted in this court the petitioner seeks to prevent the Pinal County superior court from taking any further action in "Casa Grande Trust Company, an Arizona corporation, Plaintiff, v. Douglas E. Ballard and Bebe Ballard, husband and wife, Defendants," cause No. 21634, other than to direct the clerk thereof to issue a writ of restitution to restore to the petitioner possession of real property located in Pinal County, Arizona. For brevity's sake, as there are other actions in the same court to which reference will be made in this opinion, cause No. 21634, an action in forcible detainer for the possession of the real property in dispute, will henceforth be re-

ferred to by its number. On August 15, 1968, following oral argument to this court, the court ordered a peremptory writ of prohibition to be issued, and, in accordance with the said order, expresses the following opinion.

The chronology of the essential events leading to the application for the writ of prohibition is as follows: On or about November 10, 1966, an action to foreclose a real property mortgage, which was a lien upon the premises involved in cause No. 21634, was filed in the same court and designated cause No. 20704. Thereafter, on March 27, 1967, a judgment of foreclosure was entered and on the following May 15 the sheriff of Pinal County sold the real property pursuant to the judgment. The Casa Grande Trust Company, hereinafter called the Company, alleging that it was the assignee of a lien creditor, redeemed the property on November 16, 1967, and obtained a sheriff's deed which was duly recorded during that day in the office of the county recorder of Pinal County. The allegation that the Company was the assignee of a lien creditor was disputed by the real parties in interest, Douglas E. Ballard and Bebe Ballard, hereinafter called the Ballards, who were in possession of the premises on November 16, 1967.

On November 22, 1967, the Company, on its own behalf and on behalf of its tenant-in-common Burnic Jewell Ballard,[1] notified Douglas E. Ballard in writing to vacate the premises by November 30, 1967, if he wished to avoid an action for forcible detainer. There being no compliance with this demand, on December 4 the Company commenced cause No. 21634. On December 26, 1967, the issue of possession was tried to the court sitting without a jury and submitted for decision. On January 9, 1968, judgment was entered in favor of the Company and against the Ballards, which ordered that a writ of restitution be issued by the clerk on January 25, 1968, unless possession of the premises was delivered to the Company by the Ballards prior to that date.

On January 23, 1968, the court entered an order continuing the time for the issuance of the writ of restitution until February 20. On February 5 another order was entered continuing the time until further order of the court. On March 1 an order was entered directing the clerk to issue the writ of restitution on March 11, 1968.[2]

On March 8, 1968, the Ballards, joined by Elroy Ballard, father of Douglas E. Ballard, commenced cause No. 21876 against several defendants, including the Company, seeking to quiet title to the property involved in cause No. 21634 and praying for an injunction against the transfer of possession by the Ballards to the Company. On the same day in cause No. 21876 the plaintiffs obtained an order restraining the service of the writ of restitution in cause No. 21634. On July 11, 1968, the court dismissed the amended complaint in cause No. 21876 and dissolved the order of March 8, 1968.

The clerk then issued a writ of restitution. The Company claims that at this point in the saga the sheriff put it in possession of the real property on July 11, 1968. The respondents contend that it did not occur. Whether or not the Company was placed in possession, it seems that two additional orders were entered by the Honorable J. H. Glenn, a judge of the superior court, to whom the matter was assigned on July 11, 1968, by the judge who had heard all of the preceding matters in cause No. 21634. The first order set aside the writ

1. Burnic Jewell Ballard, the mother of Douglas E. Ballard, obtained a divorce from Elroy Ballard in cause No. 16900 of the same court on April 22, 1963.

2. March 11, 1968, was the last day during which the Ballards might have filed a notice of appeal from the judgment entered in cause No. 21634 on January 9, 1968. Kenyon v. Kenyon, 5 Ariz.App. 267, 425 P.2d 578 (1967); Rule 73(b)(1), as amended, Rules of Civil Procedure, 16 A.R.S.

of restitution by a minute entry which reads in part:

"IT IS ORDERED setting aside the Writ of Restitution heretofore issued in this cause and;

FURTHER ORDERS that the possession of the property be restored to the Defendants, Douglas E. Ballard and Bebe Ballard, for a period of ten (10) days, in order that they may dispose of their perishable inventory * * *."

and, thereafter, another order was entered reading as follows:

"IT IS ORDERED that Douglas E. Ballard be allowed to remain in possession of the property at Casa Grande, involved in this cause, upon the posting of a $1,000.00 cash bond or Fidelity bond with the Clerk of the Court, pending the determination of the tenancy relationship of this defendant in connection with the realty involved.

The Bond shall be posted by July 17, 1968."

Faced with these latter two orders the Company sought the intervention of this court by the instant proceeding.

 In Arizona a forcible detainer action is a summary, speedy and adequate statutory remedy[3] for obtaining possession of premises by one entitled to actual possession. Cannon v. Arizona Game & Fish Commission, 85 Ariz. 1, 330 P.2d 501 (1958); Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394 (1946); Crismon v. Cristmann, 44 Ariz. 201, 36 P.2d 257 (1934). The only issue to be determined is the right of actual possession. Taylor v. Stanford, 100 Ariz. 346, 414 P.2d 727 (1966); Heywood v. Ziol, 91 Ariz. 309, 372 P.2d 200 (1962); A.R.S. § 12–1177, subsec. A.

 A judgment in an action for forcible detainer is res judicata as is any other judgment of the superior court as stated in Cannon v. Arizona Game & Fish Commission, supra:

"A judgment in actions of forcible entry and detainer, like any other judgment, is conclusive between the parties as to matters which could and should have been adjudicated as well as to matters put in issue and determined, and is res judicata as to such facts." 85 Ariz. 1, 5, 330 P.2d 501, 503.

The Ballards did not appeal from the judgment entered in cause No. 21634 on January 9, 1968. Therefore, the judgment in forcible detainer awarding possession of the premises to the Company was final on March 12, 1968,[4] and is res judicata and conclusive upon the Ballards. Kenyon v. Kenyon, 5 Ariz.App. 267, 425 P.2d 578 (1967); Secrist v. State, 2 Ariz.App. 240, 407 P.2d 781 (1965).

 The question of possession being res judicata we are called upon to determine whether the superior court exceeded its jurisdiction by the orders issued on and after July 11, 1968. We hold that the superior court did act in excess of its jurisdiction as the consideration of the issue of possession was foreclosed after March 11, 1968. The judgment, being appealable,[5] was, after no appeal had been taken, conclusive upon the parties. International Manufacturing Co., Inc. v. Landon, Inc., 327 F.2d 824 (9th Cir. 1964); Chappelle v. City of Concord, 144 Cal.App.2d 822, 301 P.2d 968 (1956); and Cf. Scott v. Blanton, 124 So.2d 190 (La.App.1960). A writ of prohibition is an appropriate remedy under such circumstances. City of San Diego v. Superior Court, 36 Cal.2d 483, 224 P.2d 685 (1951); and State ex rel. Davie v. Bolton, 53 N.M. 256, 206 P.2d 258 (1949).

This court is satisfied that, once the matter of possession (as distinguished from title or other matters) is res judicata, the trial court exceeded its jurisdiction when it set aside the writ of restitution issued during July. There being no other plain,

---

3. A.R.S. §§ 12–1171—12–1183.

4. See footnote 2, supra.

5. A.R.S. § 12–2101, subsec. B, as amended. The annual rental value of the property exceeds $300.00.

**166**

speedy and adequate remedy, a peremptory writ of prohibition must issue. Charboneau v. Superior Court of Maricopa County, 101 Ariz. 586, 422 P.2d 702 (1967); Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 410 P.2d 479, 16 A.L.R.3d 1362 (1966); Taylor v. Stanford, supra.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.