NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PARTNERS FOR PAYMENT RELIEF DE II, LLC, *Plaintiff/Appellee,*

*v.*

SALVADOR I. ALVAREZ, *Defendant/Appellant.*

No. 1 CA-CV 15-0315
FILED 10-4-2016

Appeal from the Superior Court in Maricopa County
No.  CV2015-002296
The Honorable Michael L. Barth, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

The Law Office of Michelle Ghidotti, Anaheim Hills, CA
By Michelle R. Ghidotti-Gonsalves
*Counsel for Plaintiff/Appellee*

McCauley Law Offices, PC, Cave Creek
By Daniel J. McCauley, III
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Samuel A. Thumma joined.

**J O H N S E N**, Judge:

¶1   Salvador I. Alvarez appeals the superior court's orders finding him guilty of forcible detainer and denying his motion for new trial. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2   In February 2006, Alvarez entered into a home equity line of credit agreement secured by a Deed of Trust, Assignment of Rents Security Agreement and Fixture Filing ("Deed of Trust"), pledging his home as security for the debt. Over the next several years, the loan and the Deed of Trust were assigned several times. Eventually, a default was declared and Partners for Payment Relief DE II, LLC ("PPR") purchased the home at a trustee's sale.[1] After Alvarez failed to vacate the property, PPR filed a complaint for forcible detainer, and the superior court found Alvarez guilty of forcible detainer and awarded possession to PPR. Alvarez moved for a new trial, arguing PPR did not have standing to commence the forcible detainer action. The superior court denied Alvarez's motion for new trial and Alvarez timely appealed.

¶3   We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-1182 (2016) and -2101(A)(1), (A)(5)(a) (2016).[2]

## DISCUSSION

¶4   "[F]orcible entry and detainer is a statutory proceeding, the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Heywood v. Ziol*, 91 Ariz. 309, 311 (1962). We review *de novo* the superior court's interpretation of a statute. *City of Tucson v. Pima County*, 190 Ariz. 385, 386 (App. 1997). We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the judgment and will affirm if there is any evidence to support the superior court's ruling. *Lewis v. Pleasant Country, Ltd.*, 173 Ariz. 186, 188 (App. 1992). We review the

---

[1]  Although Alvarez contends there are competing claims to ownership of the debt and the Deed of Trust, he acknowledges PPR bought the debt secured by the Deed of Trust and is the assignee of the Deed of Trust.

[2]  Absent material revision after the relevant date, we cite a statute's current version.

superior court's denial of a motion for new trial for an abuse of discretion. *Id.*

**¶5**     Alvarez argues PPR could not file for a forcible detainer because it is a foreign company that has not registered with the Arizona Corporation Commission as required by A.R.S. § 29-809(A) (2016). Section 29-809(A) provides: "A foreign limited liability company transacting business in this state shall not maintain an action, suit or proceeding in a court of this state until it has obtained a certificate of registration to transact business." PPR admits it is a foreign limited liability company, but argues it does not need to register because it is not "transacting business" within the meaning of § 29-809.

**¶6**     PPR argues its activities in Arizona fall within exemptions to the registration requirement that are enumerated in § 29-809(E):

> (E) Without excluding other activities that may not constitute transacting business in this state, a foreign limited liability company is not considered to be transacting business in this state for the purposes of this chapter solely because it is carrying on one or more of the following activities in this state:
>
> *        *        *
>
> (7) Creating as borrower or lender or acquiring indebtedness, mortgages or other security interests in real or personal property.
>
> (8) Securing or collecting debts or enforcing any right in property securing the debts.

A.R.S. § 29-809(E)(7)-(8) (footnote omitted).

**¶7**     Alvarez argues the exemptions PPR cites apply to mortgage lenders and larger financial institutions subject to other regulation, not a company such as PPR, which he argues is a debt collector, not a mortgage lender.[3]

---

[3]     Alvarez also relies on the distinction between debt collectors and mortgage companies to argue that PPR "is doing unregistered debt collection in our state in contravention of A.R.S. § 6-941(5)." Title 6, Chapter

¶8            The distinction Alvarez posits, however, is not supported by the language of the statute.  Foreign limited liability companies are exempt from the registration requirement based not on their size but on the nature of their activities in Arizona.   In the language of the statute, PPR "acquir[ed]" Alvarez's debt and the Deed of Trust and then "enforce[ed] [a] right in property securing" the debt by instituting the forcible detainer action.  Because these actions fall within the exemptions enumerated in § 29-809(E) and because Alvarez fails to argue PPR engaged in any other activities in Arizona, the superior court did not err by allowing PPR to proceed with the forcible detainer action without registering.

¶9            Alvarez also makes a series of arguments concerning the debt secured by the Deed of Trust.  He argues the debt was charged off or discharged in an earlier bankruptcy proceeding and that, as a result, PPR lacked standing to sue for possession.  He also argues that multiple entities claimed ownership of the note.  These arguments, however, are not relevant in a forcible detainer proceeding when the plaintiff has acquired the property at a trustee's sale.  The scope of a forcible detainer is limited by statute: "On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into."  A.R.S. § 12-1177(A) (2016).  Alvarez's arguments concerning the underlying debt go to the "merits of title" and are not properly considered in a forcible detainer action.  *See United Effort Plan Tr. v. Holm*, 209 Ariz. 347, 351, ¶ 21 (App. 2004) ("Although the fact of title may be admitted if incidental to proving a right to possession, the merits of title cannot be litigated.").

¶10           In granting PPR's claim, the superior court had before it a copy of the deed PPR had acquired in the trustee's sale.  A trustee's deed "raise[s] the presumption of compliance with the requirements of the deed of trust" and is conclusive evidence that the trustee's sale satisfied all statutory requirements.  A.R.S. § 33-811(B) (2016).  Alvarez concedes that PPR's trustee's deed is prima facie proof of the company's ownership of the property.  As holder of the trustee's deed, PPR is presumed to hold title to the property and is entitled to possession.  Because Alvarez failed to present any evidence to rebut the presumption of compliance created by the

---

9, Article 2 of Arizona Revised Statutes regulates mortgage bankers operating in Arizona, and requires licensing absent an exemption.  *See* A.R.S. §§ 6-942 to -943 (2016).  Alvarez fails to explain how PPR is a mortgage banker subject to this regulatory scheme, and in fact, argues PPR does not meet the statutory definition of mortgage banker.

trustee's deed, we reject his arguments concerning whether his debt was charged off or otherwise discharged.

## CONCLUSION

**¶11** For the foregoing reasons, we affirm the superior court's orders. As the successful party on appeal, PPR is awarded its costs on appeal pursuant to A.R.S. § 12-341 (2016), contingent upon compliance with Arizona Rule of Civil Appellate Procedure 21.[4]



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] We decline to grant Alvarez's request for oral argument in this matter.